368 P.2d 317

**T. Ed PETERSON, Jr. and Nada Peterson, his wife, and H. H. Robinson and Carolyn H. Robinson, his wife, copartners, doing business under the name and style of Peterson Robinson Cotton Co., Appellants,**

v.

**The VALLEY NATIONAL BANK OF PHOENIX, a national banking association, Appellee.**

**No. 7067.**

Supreme Court of Arizona.

En Banc.
Jan. 24, 1962.

---

Botsford, Turner & Roe, Scottsdale, for appellants.

## 362

Rawlins, Davis, Ellis, Burrus & Kiewit, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

The sole question presented on this appeal is whether the trial court erred in granting the plaintiff's motion for summary judgment.

The Valley National Bank of Phoenix as plaintiff filed a complaint against T. Ed Peterson, Jr., et ux.; and H. H. Robinson et ux. as individuals and as a partnership on eleven separate promissory notes executed by the copartners. The defendants answered admitting the execution and delivery of the promissory notes but denying any amount due on the notes. The defendants alleged that the plaintiff received payment in full on all said notes in satisfaction thereon by taking possession of the assets pledged as securities for said notes and liquidating said assets for plaintiff's own use and benefit without notice to or demand upon the defendants. As affirmative defenses the defendants alleged: (1) that all the promissory notes were executed pursuant to a certain general pledge agreement entered by the parties in 1953 whereby the notes were secured by warehouse and other receipts representing cotton; that in exercising its power of sale under the general pledge agreement, the plaintiff acted in bad faith by not conducting the sales properly in violation of its trust obligation under the general pledge agreement; (2) that

the plaintiff waived its right under the general pledge agreement allowing the pledgee to make an immediate sale without notice to the pledgor by permitting defendants to continue with the sale and handling of the cotton which was pledged.

The plaintiff, before defendant's answer was filed, moved for summary judgment against defendants based upon the pleadings, depositions, admissions and the affidavits on file in said action. The defendants filed their answer and controverting affidavit about two weeks later. Judgment was granted for the plaintiff on the complaint, and this appeal followed.

We are thus called upon to determine whether the trial court correctly entered summary judgment in favor of plaintiff. A motion for summary judgment should not be granted when there is a genuine issue of material fact and it is not a substitute for a trial. Springer v. Bank of Douglas, 82 Ariz. 329, 313 P.2d 399 (1957); Phoenix Feed & Seed Co. v. Adams, 78 Ariz. 292, 279 P.2d 447 (1955); Smotkin v. Peterson, 73 Ariz. 1, 236 P.2d 743 (1951); Sligh v. Watson, 69 Ariz. 373, 214 P.2d 123 (1950). Litigants are entitled to the right of trial where there is the slightest doubt as to the facts. Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86 (1944). See also Doehler Metal Furniture Co., Inc. v. United States, 149 F.2d 130 (2d Cir., 1945).

"Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir., 1940). In resolving the question as to whether summary judgment should be granted, the trial court does not weigh the evidence, nor do we; but the pleadings, affidavits, depositions and admissions, if any, must be viewed in the most favorable aspect they will bear in support of the right of the party opposing the motion to a trial of the issues. Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951).

One of the material issues presented by the pleadings as an affirmative defense was whether the plaintiff as pledgee acted in good faith in regard to the pledged property. This allegation was not controverted in the plaintiff's affidavit in support of the motion for summary judgment. A careful review of the depositions on file indicate that there is a dispute as to whether the plaintiff acted in good faith in the sale of the pledged property. Plaintiffs sold the cotton for 31¢ a pound. Defendants had rejected an offer of 45¢ a pound for 300 bales (a difference of approximately $21,000) and was negotiating a sale for 50¢ a pound for the entire lot. In such circumstances where a matter of good faith is crucial as an issue of fact the granting of summary judgment is error. Alvado v. General Motors Corporation, 229 F.2d 408 (2d Cir., 1955), cert. denied, 351 U.S. 983, 76 S.Ct. 1050, 100 L.Ed. 1497 (1956).

We think the judgment of the lower court should be reversed and the case remanded for a new trial on all of the issues properly pleaded. It is so ordered.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.