429 P.2d 512

**Howard A. BIRCHFIELD, Sr., Appellant,**

v.

**C. THIERCOF and Joffre Marcil, Appellees.**

**No. 2 CA–CIV 290.**

Court of Appeals of Arizona.

June 29, 1967.

Review Denied Sept. 26, 1967.

Robert E. Cattany, Cattany & Howe, Tucson, for appellant.

James D. Whitney, Smitherman & Whitney, Bisbee, for appellees.

ORDER DENYING MOTION
FOR REHEARING

PER CURIAM.

On motion for rehearing, appellees contend that this court misconstrued the issues below in that it assumed in its released opinion that there was no question as to the propriety of the appellant's (defendant's) relocations.[1] The appellees point out that

---

1. In our opinion we said:
   "There is no question but what these locations of Mrs. Camara and the defendant were proper, providing the claims were open to location at the respective times."

one of the issues delineated in the pretrial order questioned whether the relocation of Mrs. Camara on November 4, 1963, was proper.

 By making the assumption that it did, this court did not intend to limit the issues to be tried below. However, for the purposes of appeal, we believe our assumption was correct. The appellant's opening brief in this court, in its statement of facts, commenced with the statement pertaining to the relocation of these mining claims by Mrs. Camara and the subsequent relocation by the appellant (p. 5 of the opening brief). On p. 21 of the opening brief there is a statement that the appellees have never questioned the sufficiency of the appellant's relocations. The appellees do not take issue with these statements in their answering brief (especially see pp. 10–13 of the appellees' answering brief), and therefore we believe the propriety of the relocations was not at issue for the purposes of this appeal. See Rule 5(d), Rules of the Supreme Court, 17 A.R.S. Moreover, the issue having gone off on motion for summary judgment, it would have been proper to assume the validity of the relocations in any event, this being a contested issue. Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 368 P.2d 317 (1962).

We reach much the same result as to the appellees' contention on motion for rehearing that the sufficiency of the appellees' affidavits in the lower court were not questioned below. The sufficiency of these affidavits is directly attacked in the appellant's opening brief (see pp. 15–18 thereof), and there is no contention made in the answering brief that this was not raised in the lower court (see pp. 6–8 of appellees' answering brief). As a matter of fact, the conclusion expressed by plaintiff Marcil in his affidavit supporting appellees' motion for summary judgment, to the effect that the two Nevada corporations had merged, was attacked both in the appellant's (defendant's) opposition to this motion in the lower court (see abstract pp. 120–25)

and also in the motion for rehearing filed below (abstract p. 144).

Other matters raised on motion for rehearing we believe are sufficiently answered in the opinion released.

It is ordered that the motion for rehearing be, and it hereby is, denied.