467 P.2d 250

Eva Greene DAY, Appellant,

v.

George A. WISWALL, as Executor of the Estate of Mary Greene Wiswall, aka Mary G. Wiswall, deceased, William Cornell Greene, Florence Louise Greene Sharp, Clarence Kirk Greene, as Executor, as Trustee, and in his individual right, and Charles Harrison Greene, as Executor, and in his individual right, Appellees.

No. 2 CA–CIV 669.

Court of Appeals of Arizona, Division 2.

April 1, 1970.

Fennemore, Craig, von Ammon & Udall, by John J. O'Connor, III, and Robert P. Robinson, Phoenix, for appellant.

Gentry, McNulty, Toci & Browiec, by James F. McNulty, Jr., Thomas A. Thode and Philip E. Toci, Bisbee, Favour & Quail, by Keith F. Quail and John M. Favour, Prescott, DeConcini & McDonald, by John R. McDonald and J. Wm. Brammer, Jr., Tucson, Polley & Talmadge, by Wesley E. Polley, Bisbee, for appellees.

ORDER

Motions for rehearing having been filed by all the parties to this appeal and it hav-

ing been called to our attention that appellee Charles Harrison Greene has appeared throughout these proceedings in his individual capacity as well as in a dual representative capacity, i. e., as executor and trustee, and that through inadvertence, the opinion of this court omitted him in his trustee status. It is, therefore,

Ordered that the caption of this case be amended to designate Charles Harrison Greene as an appellee in the capacity of trustee in addition to the designated capacities. In addition, page 16, line 19 of our opinion is amended to recite "Charles Harrison Greene, as executor and trustee."

■ The appellant in her motion for rehearing contends that this court erred in applying to testamentary trustees the rule that suit cannot be instituted against an executor in a jurisdiction other than the one issuing his letters fiduciary. We do not agree. Although the trustees' powers and duties are governed by the terms of the testatrix' will, Estate of Schuster, 35 Ariz. 457, 281 P. 38 (1929), supervision of the administration of the trust remains in the Arizona courts. A.R.S. Sec. 14–1021, as amended. The rationale for the rule barring suit against a foreign administrator is that to allow suit would constitute an improper interference with the administration of the estate by the appointing court. See Restatement, Conflict of Laws, Sec. 512, comment (a). We believe this rationale equally valid as to the testamentary trusts herein involved and that California cannot control the disposition of the trust estate in Arizona. Cf. Wilder v. United Mine Workers of America, 346 S.W.2d 27 (Ky. 1961). We therefore reiterate our holding that the trial court did not err in granting summary judgment in favor of Clarence Kirk Greene and Charles Harrison Greene, as trustees.

■ Appellant also complains that we did not pass upon the question of whether the trial court erred in denying her motion for summary judgment against Charles Harrison Greene. Suffice it to say that we find no error in that the responsive pleading

filed by Charles Greene presented certain defenses which created material factual issues. At the time of appellant's motion for summary judgment, the existence of these factual issues precluded the granting of her motion. Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 368 P.2d 317 (1962).

Finding no reason presented in the various other motions for rehearing to alter our decision in this appeal the motions for rehearing be, and they hereby are, denied.

HOWARD, C. J., HAIRE, J., and ALICE N. TRUMAN, Superior Court Judge, concur.