512 P.2d 599

**OHLINGER INDUSTRIES, INC., an Arizona corporation, Appellant,**

v.

**Lillian S. ANDERSON, formerly Lillian S. Davis, Appellee.**

**No. 1 CA–CIV 1809.**

Court of Appeals of Arizona, Division 1.

July 24, 1973.

———◆———

Gorodezky, Marron & Diamond by John B. Marron, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Wilbert G. Anderson and Richard B. Sanders, Phoenix, for appellee.

HATHAWAY, Chief Judge.

The defendant, Ohlinger Industries, Inc., has appealed from a summary judgment entered against it in the trial court. Lillian S. Anderson, the appellee, had brought an action to recover "royalty payments" allegedly due from appellant under an "employment agreement" based on services rendered by the appellee and two other parties. The agreement, entered with appellant's assignor, Southwest Metals, Inc., as employer, provided:

"The parties hereto agree that for and in consideration of the services to be rendered by Employees in the production of certain machines under Patent Pending number SN20745, regarding a rotary table for boring and threading, that Southwest shall pay to said employees $33.33 as a bonus, for each of the first 1,000 units only, to be sold after the date of this agreement."

The plaintiff rendered services in the production of machines under the agreement until her services were terminated on December 31, 1961. Southwest Metals Industries, Inc. continued to make payments to appellee until the patent rights were assigned to appellant, who then made the payments to appellee until September, 1966. Thereafter, appellant refused to make further payments. Appellee alleged on information and belief that appellant had made additional sales of said machines.

Appellant answered admitting that payments had been made to appellee, but alleged that the payments were erroneously made on mistaken advice based on sales of the machines. Appellant counterclaimed for the alleged overpayments.

Appellee moved for summary judgment on the basis that she had fully rendered the services required under the contract and was entitled to performance by appellant notwithstanding appellee's termination of employment. Appellee contends if the payments were conditioned upon her continued employment, they of necessity must have so provided in the agreement because such conditions will not be implied. Further, Southwest having continued to make payments until the machine patent rights were sold, the contracting parties have construed the agreement in line with the appellee's view and the courts will adopt that construction.

Summary judgment should not be granted when a genuine issue of material fact is presented. Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 368 P.2d 317 (1962). In reviewing the record, we have considered the pleadings, affidavits and all evidentiary material in the most favorable aspect to granting the party opposing the motion a trial on the merits. Northern v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951). Having thus considered the record, we conclude that the motion for summary judgment was improvidently granted.

Confusion appears to have arisen concerning the appellee's status under the agreement in question and her rights thereunder. Appellee's approach in the lawsuit lends support to the argument that ambiguity inheres in the agreement. The document is entitled "employment agreement", but the plaintiff seeks "royalty payments." The consideration expressed in the agreement is for ". . . the services to be rendered by employees in the production of certain machines. . . ." We are unable to discern from the record before us whether that consideration contemplates services in the production of the machines included in the bonus arrangement. Other questions are raised by the opposing affidavits. These include:

1. Ownership of the patent rights;

2. The number of machines manufactured and sold under the patent;

3. Modification of the patent and tracing the patent applied for to the patent acquired and under which machines were manufactured.

The record discloses a number of fact issues which preclude summary judgment. The judgment is reversed.

KRUCKER and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.