540 P.2d 130

**John A. VOGEL and Patricia Vogel, husband and wife, Appellants,**

**v.**

**Erwin HOHENSTEIN and Jennie A. Hohenstein, husband and wife, Transamerica Title Insurance Company, a corporation, as trustee for Erwin and Jennie A. Hohenstein, Appellees.**

**No. 12006.**

Supreme Court of Arizona,
In Division.

Sept. 23, 1975.

William Clark Kennedy, Kingman, for appellants.

Hiser & Bruno by H. Louis Hiser, Kingman, for appellees.

HAYS, Justice:

The appellants Vogel brought an action seeking to compel the appellees Hohenstein to specifically perform on the Vogels' alleged exercise of a written option to purchase realty. The trial judge ordered the dismissal of the complaint. This court has jurisdiction of the resulting appeal pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The material portions of the option provided as follows:

"$50,000.00, total selling price. $10,000.-00 down as of November 1, 1968. Balance in 10 years at 7 percent interest. If trust company is to be used as escrow agent it will be buyer expense.

\*    \*    \*    \*    \*    \*

"Five hundred dollars option money to be applied to down payment.

/s/ Erwin Hohenstein

"It is agreed to extend this option to ten days. All paper to be dated and interest to start No. 1st, 1968.

/s/ Erwin Hohenstein"

Among the findings and conclusions entered by the trial court were the following:

"7. That from the evidence, the Court is unable to find any effort by the plaintiffs to exercise the option to purchase with the exception of verbal discussions

with the defendants HOHENSTEIN and signing escrow instructions at Transamerica Title, which were not executed by the defendants.

\*   \*   \*   \*   \*   \*

"9. The Court concludes that under the option that plaintiffs could exercise the option in either one of two ways, by either paying within the time allotted by the option the sum of $9,500.00 to the defendants directly, or by depositing the sum of $9,500.00 within the same period of time with some title company in escrow for the benefit of the defendants HOHENSTEIN and all parties executing the agreement thereto.

"10. That plaintiffs VOGEL did not do either of the two things mentioned in No. 9 above, and, therefore, did not validly exercise the option to purchase, and that defendants HOHENSTEIN are not obligated to perform thereon and to sell the property to the plaintiffs VOGEL."

On appeal, the argument has been one of facts. Clearly, the agreement provides that payment of $9,500.00 must have been at least tendered by November 10, 1968, to find that the option was exercised. The agreement is not ambiguous on that point.

Where findings of fact have been made, they are binding upon an appellate court unless clearly contrary to the evidence. *Polk v. Koerner,* 111 Ariz. 493, 533 P.2d 660 (1975). The findings of the trial court are in this instance supported by the evidence and will be upheld on appeal. Since the money was not, in fact, tendered, then any additional questions that Hohenstein was estopped by his behavior from arguing that the option was not properly exercised, or that Hohenstein waived certain conditions by his behavior, are not necessary to the decision of the case.

The judgment ordering the dismissal of the complaint is affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.