545 P.2d 416

Harry J. CAVANAGH and Allerton Cushman, Executors of the Estate of Renee S. Cushman, Deceased, Appellants and Cross-Appellees,

v.

Ernest J. SCHAEFER, Appellee and Cross-Appellant.

No. 12002.

Supreme Court of Arizona, In Division.

Jan. 22, 1976.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P. C., by Jeffrey B. Smith, Phoenix, for appellants and cross-appellees.

Allen, McClennen & Fels by John V. Fels, Phoenix, for appellee and cross-appellant.

HAYS, Justice.

Ernest J. Schaefer, appellee, brought an action for real estate commissions against Renee S. Cushman. Appellants, Harry J. Cavanagh and Allerton Cushman, executors of the will and codicils of Renee S. Cushman, deceased, were later substituted as defendants by order dated December 23, 1969. The trial court granted judgment on appellee's second claim for relief and dismissed the first and third claims for relief.

Appellants' appeal from the judgment granting appellee's second claim for relief, and appellee brings a cross-appeal from the dismissal of his first and third claims for relief. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Appellee was employed by Renee S. Cushman to sell a piece of property located in Graham County, known as the Eureka Ranch. A purchase agreement was entered into on March 17, 1964, between Renee S. Cushman, as seller, and Maurice and Mary Belew, as purchasers. The said purchasers were procured by appellee. The transaction was not consummated, and thereafter appellee procured John H. and Pauline V. Trigg as prospective purchasers. A purchase agreement was originally entered into between Renee S. Cushman, as seller, and John H. and Pauline V. Trigg, as purchasers, on March 25, 1965. A commission agreement was subsequently entered into on November 18, 1965, between Renee S. Cushman and appellee, the material portions of which provided as follows:

1. Cushman agrees to pay Schaefer a real estate commission of $65,000.00. Said sum shall be payable from the proceeds of the sale in the following manner and from the following proceeds:

$21,666.66 upon execution hereof.

$10,834.00 from the first annual payment due on December 1, 1965 on the promissory note executed by said John H. Trigg, with interest from November 1, 1965 at 6% interest per annum. $32,500.00 from the proceeds due on the second payment due by John H. Trigg to Cushman on December 1, 1966, with interest from November 1, 1965 at 6% per annum.

2. It is mutually agreed that Cushman does not owe Schaefer any money by reason of the sale to Maurice Belew, et ux, which sale was cancelled and rescinded.

3. In the event Trigg fails to make the payments as provided for in the

promissory note of April 1, 1965, by and between Cushman and John H. Trigg, Cushman shall not be responsible for any commission to Schaefer unless Cushman actually receives the money as herein contemplated.

On April 7, 1966, John H. Trigg and Renee S. Cushman entered into an agreement as a result of Trigg's delinquency in the payment of interest and principal on certain promissory notes. Thereafter, Renee S. Cushman brought an action to foreclose the mortgage she held on the Eureka Ranch. The property was conveyed by John H. Trigg and Pauline V. Trigg, as grantors, to Renee S. Cushman by deed dated December 30, 1966, and the action was thereafter dismissed.

By agreement dated December 27, 1967, Renee S. Cushman agreed to convey land referred to as the "Arizona Ranch" to J. H. Trigg and Pauline V. Trigg.

� Appellant raises two questions on appeal:

(1) Was there a failure of substantial compliance or performance of a condition precedent to appellee's earning of the commission under the agreement of November 18, 1965?

(2) Did the trial court err in finding that plaintiff was entitled to a corrected judgment after denial of a motion for new trial and after a notice of appeal and cost bond on appeal had been filed?

In order to deal with appellant's first issue on appeal, it is necessary to briefly review several of the findings of fact made by the trial court. This court is bound by the findings of fact of the trial court "unless clearly contrary to the evidence." *Vogel v. Hohenstein*, 112 Ariz. 164, 540 P.2d 130 (1975). The trial court, in its findings, concluded that the total payments made by John Trigg to the deceased amounted to $283,297.34. The court then determined that $153,297.34 of that total was paid by John Trigg to decedent subsequent to the $130,000.00 paid on November 1, 1965. Of that $153,297.34, the court

found that $47,321.18 was paid on or about November 13, 1966, on the $47,266.03 note dated April 1, 1966. Finally, the trial court found that the first annual installment due on the $625,000.00 note amounted to $133,333.33. These findings of fact are clearly supported by the evidence.

There is no dispute concerning John Trigg's failure to pay the total principal and interest due on the first annual installment due on the $625,000.00 note dated April 1, 1965. The question that we are asked to decide is whether, pursuant to the commission agreement dated November 18, 1965, appellee was entitled to the portion of the commission due upon the payment of the first annual installment if the installment payment was not made in full. Appellant takes the position that the payment of the first annual installment with interest was a condition precedent to the payment of the $10,834.00 commission. A condition precedent is a "fact which 'must exist or occur before a duty of immediate performance of a promise arises . . .'" *Yeazell v. Copins*, 98 Ariz. 109, 402 P.2d 541 (1965). Appellee was to receive $10,834.00 of his commission "from the 1st annual payment due on December 1, 1965, on the promissory note executed by said John H. Trigg, with interest from November 1, 1965 at 6% interest per annum."

▪ A condition incorporated within the provisions of a contract must be interpreted in light of the intention of the parties. "[T]he court must ascertain and give effect to the intention of the parties as of the time the contract was made if at all possible." *Employer's Liability Assurance Corp. v. Lunt*, 82 Ariz. 320, 313 P.2d 393 (1957). It is essential "[w]here the intention can be determined from the entire instrument" to construe the contract as a whole. *Employer's Liability Assurance Corp. v. Lunt, supra.* The commission agreement dated November 18, 1965, contains a provision in paragraph 3 which, when read in conjunction with the aforementioned condition contained in paragraph 1 of the agreement, clearly states

the intention of the parties to condition payment of the commission installments on the payment by Trigg "as provided for in the promissory note of April 1, 1965." The promissory note dated April 1, 1965, in the amount of $625,000.00 provided in pertinent part:

"The principal and interest of this note shall be payable in six (6) equal annual installments, commencing December 1, 1965, and each December 1 thereafter until the full sum of $625,000 plus interest on the remaining balances from time to time has been paid."

When John Trigg failed to pay the annual installment due on December 1, 1965, the appellee lost his right to the commission due under the commission agreement. The payment of the entire installment, including principal and interest, was a clear condition precedent to the payment of the commission in the amount of $10,834.00.

We find no merit to appellee's argument on cross-appeal that he was entitled to a commission on the Belew sale. Appellee bases his argument on the premise that had the deceased performed according to the terms of the November 18, 1965 agreement, he would not be entitled to anything on the Belew sale. However, since the decedent did not perform the accord and satisfaction represented by the agreement of November 18, 1965, such accord and satisfaction was not carried out, thereby allowing appellee to sue on the original claim.

Appellants' decedent made a motion to dismiss pursuant to Rule 12(b), Rules of Civil Procedure, on the grounds that the complaint creates no genuine issue of fact, and fails to state a claim upon which relief can be granted. Attached to the motion was an affidavit of the deceased and a copy of the agreement dated November 18, 1965. Appellee failed to attach an affidavit in his reply to the motion, but did verify the original complaint.

Rule 12(b), Rules of Civil Procedure, provides in part:

"If, on a motion asserting the defense numbered 6 to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."

Decedent's motion was properly considered as one for summary judgment by the court. Although the appellee did not reply in affidavit form to appellant's motion as provided in Rule 56(e), Rules of Civil Procedure, "[t]he trial court is required to consider those portions of the verified pleadings . . . which are brought to the court's attention by the parties." *Choisser v. State ex rel. Herman,* 12 Ariz.App. 259, 469 P.2d 493 (1970).

"In resolving the question as to whether summary judgment should be granted, the trial court does not weigh the evidence, nor do we; but the pleadings, affidavits, depositions and admissions, if any, must be viewed in the most favorable aspect they will bear in support of the right of the party opposing the motion to a trial of the issues. [citation omitted]" *Peterson v. Valley National Bank of Phoenix,* 90 Ariz. 361, 363, 368 P.2d 317, 318 (1962).

Appellee alleges in his first claim for relief that he procured the Belews as potential purchasers of the property and that decedent accepted the offer and entered into an agreement to sell. Appellee concluded in this first claim for relief that he was entitled to a commission by procuring a buyer who was ready, willing and able to purchase and who entered into an agreement to purchase.

Appellants' decedent, in her affidavit in support of her motion to dismiss appellee's complaint, attaches the agreement of November 18, 1965, which contains a provision whereby appellee waives a commission on the Belew sale, and asserts that appellee was paid $21,666.66 upon and after the execution of the agreement.

"Summary judgment will not be granted when there is 'the slightest doubt as to the facts.'" *City of Phoenix v. Space Data Corp.,* 111 Ariz. 528, 534 P.2d 428 (1975); *Peterson v. Valley National Bank of Phoenix, supra.* There is no issue of an accord and satisfaction raised by the pleadings and affidavits properly before the court under Rule 56. The trial court was limited in its consideration of the motion for summary judgment to a review of the complaint and the affidavit of the deceased, which contains a copy of the agreement of November 18, 1965. The provision in that agreement whereby appellee waived a commission on the Belew sale states that it was "mutually agreed that Cushman does not owe Schaefer any money by reason of the sale to Maurice Belew, et ux., which sale was cancelled and rescinded." In reviewing the pleadings and affidavits in the light most favorable to appellee, we hold that the motion for summary judgment was properly granted with respect to appellee's first claim for relief.

■ Appellee's second contention on cross-appeal concerns the granting of the motion for summary judgment on his third claim for relief. In that claim for relief appellee alleged that he had procured a "ready, willing and able purchaser" who purchased the Eureka Ranch. The purchase agreement to which this allegation applies is the December 27, 1967, or second purchase agreement between Renee S. Cushman and John H. and Pauline V. Trigg. Appellee argues that there is a clear question of fact with regard to appellee's role as the procuring cause of a sale of property listed with him. Appellants' deceased, in her affidavit attached to the motion to dismiss, made the assertion that she had not entered into a listing agreement with appellee regarding the December 27, 1967 sale. The commission agreement of November 18, 1965, contains a provision recognizing appellee's role as the procuring cause of John H. Trigg as purchaser under the purchase agreement of May 25, 1965. No evidence was submitted by appellee to create an issue of fact as to the survival of the listing agreement of May 15, 1964, after the signing of the commission agreement of November 18, 1965.

"[W]hen the party moving for a summary judgment has made a prima facie showing that no genuine issues exist for trial, then the opponent of the motion has the burden to produce sufficient evidence to show that there is an issue, and the opposing party cannot defeat a motion for summary judgment and require a trial by a bare contention that an issue of fact exists. He must show that evidence is available which would justify a trial of the issue. [citations omitted]" *Dobson v. Grant International Brotherhood of Locomotive Engineers,* 101 Ariz. 501, 505, 421 P.2d 520, 524 (1966).

Appellee's allegation that an issue of fact remains as to his procurement of a purchaser for property listed with him is not supported by the evidence that was properly before the court. The motion for summary judgment was properly granted with respect to appellee's third claim for relief.

In view of our holding on appellants' first issue on appeal, we do not consider appellant's second issue.

Reversed and remanded with directions that the trial court enter judgment for the defendants.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.