413 P.2d 697

**Harold HOFMANN, Plaintiff-Appellant,**

**v.**

**J. M. McCANLIES, Defendant-Appellee.**

**No. 7862.**

Supreme Court of New Mexico.

April 25, 1966.

James L. Brown, Farmington, for appellant.

Palmer & Frost, Farmington, for appellee.

HENSLEY, Chief Judge, Court of Appeals.

The trial court dismissed the plaintiff's complaint for failure to state a cause of action. Thereafter, by leave granted, the plaintiff filed his first amended complaint, and in due time it met the same fate. The appellant, plaintiff below, appeals from an order dismissing his first amended complaint.

The relationship between the plaintiff and the defendant was that of landlord and tenant. The plaintiff, by written instrument, leased certain office space to the defendant for a term of twelve months, with a so-called "option" to renew, expressed in the following terms:

"It is further agreed that at the expiration of this lease that the party of the second part shall have the option of extending same for a period of not less than three years, and at a monthly rental

of not less than $200.00, said terms to be negotiated between the interested parties, and if need be, by a committee of three representatives, one of which shall be appointed by each party, and a third to be appointed by the first two."

The plaintiff, in his complaint, alleged that the defendant occupied the demised premises for the primary term of twelve months and thereafter continued in possession for three additional months, paying the same monthly rentals as before. The complaint was wholly silent concerning the exercise of the option or negotiations thereon. Apparently the plaintiff assumed that the retaining of possession by the defendant constituted compliance with the option clause.

The first amended complaint was, in words, as follows:

"* * *.

"1. That plaintiff hereby incorporates all the allegations contained in his original complaint to the same extent as if the same were set out fully herein;

"2. That following the termination of the primary term of the above mentioned lease, it was understood between the parties that the defendant would pay the sum of $200.00 per month and that the plaintiff expected the defendant to be responsible for the rent for the additional three years provided in said lease;

"WHEREFORE, plaintiff prays * *."

Again, the first amended complaint does not allege that the defendant sought to exercise his option; there is no claim of negotiation and agreement on length of term or amount of rental. In short, the pleading fails to allege the essentials of a contract as contemplated by the option clause, yet the action brought by the plaintiff is purportedly founded on the written lease between the parties.

■ In the absence of an averment of the exercise of the option in the manner provided in the contract, the estate created by the parties after the expiration of the primary term was a tenancy from month to month. First National Bank in Albuquerque v. Tanney, 51 N.M. 60, 178 P.2d 581.

■ The vice in the appellant's position is that he places reliance on a part of the lease contract as creating an option, when in fact it creates nothing more than an offer to negotiate within certain limits. An option is a contract whereby one party agrees to keep an offer open for a stated time upon specified terms and conditions, and may become a contract binding upon both parties, depending on whether the optionee exercises his right. Warner Brothers Pictures v. Brodel, 31 Cal.2d 766, 192 P.2d 949, 3 A.L.R.2d 691.

Although the matter was not raised in either the trial court or in this court, it should be noted that the plaintiff's first amended complaint failed to comply with

Rule 15(e) of the Rules of Civil Procedure for the district courts of the State of New Mexico (§ 21–1–1 (15) (e), N.M.S.A.1953).

The trial court properly dismissed the plaintiff's first amended complaint seeking to recover a sum equal to thirty-three months' rent.

The order dismissing the first amended complaint should be sustained. It is so ordered.

NOBLE and COMPTON, JJ., concur.