508 P.2d 747

**UNIVERSITY REALTY & DEVELOPMENT COMPANY, an Arizona corporation, Frank Mills, Jr., and his wife, Marge E. Mills, Glenn Koepke and his wife, Lou Ann Koepke, and Albyn G. Wolfe, Appellants,**

v.

**OMID–GAF, INC., an Arizona corporation and Donald Von Tress, a single man, Appellees.**

**No. 2 CA–CIV 1268.**

Court of Appeals of Arizona, Division 2.

April 11, 1973.

Rehearing Denied May 16, 1973.

Review Denied June 26, 1973.

Bilby, Thompson, Shoenhair & Warnock by Albert D. Noe, Tucson, for appellants.

Lesher & Scruggs by James M. Sakrison, Tucson, for appellees.

KRUCKER, Judge.

This is an appeal from a judgment in a forcible detainer action entered against plaintiffs-appellants and in favor of defendants-appellees ordering plaintiffs as lessors to enter into a new lease for an additional period of five years.

The pertinent facts, which are not in dispute, are as follows. On October 22, 1971, the above-mentioned parties entered into a lease agreement under the terms of which plaintiffs as lessors leased to defendants as lessees certain premises for a term ending June 1, 1972. Under the terms of paragraph VIII of said lease, defendants had the right to renew the lease for a period of five years (or another term not herein applicable) provided notice of intent to exercise said option of renewal was given to the lessors on or before sixty days prior to the end of the leasehold term. Paragraph VIII further provided, with respect to this option, the following:

". . . before this option can be exercised either for additional five year periods or on a new lease in the FHA Project for twenty-five (25) years, the Lessees will have to present financial statements or post a surety bond for at least Three Hundred Thousand Dollars ($300,000). If Lessees' financial statements are documented and shown to have the financial strength to enter into a long term Lease, the Lessor will then grant to the Lessees the additional five year periods if the project fails to be completed, or if completed, a twenty-five (25) year lease in the new project."

On March 28, 1972 appellees' attorney hand-delivered a copy of a letter stating appellees' intention to exercise this option to renew together with a financial statement, prepared by a certified public accountant, of the assets of William H. and Katherine Daily. The letter also stated that the Dailys agreed to guarantee all rental payments called for under the lease renewal. In response to the letter, lessors' attorney wrote a letter to inform defendants that they had failed to exercise their option under the lease and requested them to vacate the premises by June 1, 1972. The financial statement showed assets in excess of $900,000.

After a trial to the court sitting without a jury, the court entered judgment for the tenants-defendants, stating:

". . . defendants have substantially complied with the tenor of Paragraph 8 of the lease in question and thus have in fact and in law exercised their option."

Findings of fact were neither requested nor made.

The sole question we are called upon to decide is whether the defendants have exercised the option to renew.

■■■ A lease provision giving the lessee an option to extend or renew the lease is merely an offer by which the lessor binds himself in advance to make a contract if the lessee accepts upon the terms designated. Cicinelli v. Iwasaki, 170 Cal. App.2d 58, 338 P.2d 1005 (1959); Hofmann v. McCanlies, 76 N.M. 218, 413 P.2d 697 (1966). As stated in Hayward Lumber & Investment Co. v. Construction Prod. Corp., 117 Cal.App.2d 221, 226, 255 P.2d 473, 478 (1953):

"Since the optionor is bound while the optionee is free to accept or not as he chooses, courts are strict in holding an optionee to exact compliance with the terms of the option."

This rule of "strict compliance" has been followed by our Supreme Court in Oberan v. Western Machinery Co., 65 Ariz. 103, 174 P.2d 745 (1946); *see also,* Richardson v. Casey, 6 Ariz.App. 141, 430 P.2d 720 (1967).

■■ Appellants initially contend that an application of this principle supports their position that the option was not exercised for it was hand-delivered rather than sent by registered mail. While it is true that there must be strict compliance with the terms of an option agreement, generally speaking any method of transmission of notice of renewal of a lease may be employed which is effective to bring such notice home to the lessor and serves the same function and purpose as the authorized method. Woods v. Cities Service Oil Co., 142 So.2d 168 (La.App.1962). This is true although the lease requires notice to be made in a particular way. 51C C.J.S. Landlord and Tenant § 62(2)(d), and cases cited therein. Although our research has not disclosed any cases where hand-delivery of written notice is made in contrast to the method designated in the lease agreement, and the parties have not cited any, in applying the aforementioned principles we are of the opinion that the notice was sufficient.

Appellants next urge that there was not strict compliance in the mode specified by the parties. Specifically, they contend that the financial statements provided must be those of the lessee—not some third party such as Daily. While there were no findings of fact requested or made, it is apparent from the language stated in its entry of judgment that the court felt substantial compliance was sufficient. Such is not the state of the law in this jurisdiction. Oberan v. Western Machinery Co., supra. Appellees, citing Podol v. Jacobs, 65 Ariz. 50, 173 P.2d 758 (1946), contend, however, that the lease is ambiguous in that it does not make reference to whose financial statements are to be documented and that such ambiguity requires that the lease provision be construed in favor of the tenant. Therefore, they conclude that Mr. Daily's guarantee constituted strict compliance with the terms of the lease agreement. It is apparent from a reading of the transcript that this is the theory upon which the appellees tried the case. They attempted to show through extrinsic evidence the intent of the parties. The trial court reserved its ruling as to whether the provision was ambiguous. We can only speculate at this point as to whether the court determined that the provision was ambiguous for no findings of fact or conclusions of law were made. If the basis of the trial court's ruling that the lease had been "sub-

stantially complied with" is grounded upon the belief that Paragraph VIII of the lease was ambiguous, we disagree.

Whether a contract is ambiguous or uncertain is a question of law. Gardiner v. Gaither, 162 Cal.App.2d 607, 329 P. 2d 22 (1958). Language is ambiguous when it can reasonably be construed in more than one sense and such construction cannot be determined within the four corners of the instrument. Richards Development Co. v. Sligh, 89 Ariz. 100, 358 P.2d 329 (1961). Furthermore, the mere fact that parties to an instrument disagree as to its meaning does not establish its ambiguity. 17A C.J.S. Contracts § 294. While the first sentence in Paragraph VIII, supra, concerning the exercise of the option does not specify whose financial statements are to be documented, the next sentence specifically states that "lessees' statements" are to be presented. It is undisputed that the person whose financial statement was offered was not a lessee.

An alternate method of exercising the option is for the lessees to post a surety bond for at least $300,000. Even if we were to accept appellees' argument that a guarantee is the same as a surety bond, the record does not even reflect a guarantee tendered by Mr. Daily for $300,000 but merely an agreement to guarantee all rent payments required by the lease. This falls far short of satisfying the strict compliance standard.

Appellants have further argued that the term "documented" is not ambiguous. In light of the above, we feel it unnecessary to consider the question.

For the above reasons we are of the opinion that Paragraph VIII of the lease is unambiguous and that the appellees failed to exercise the option renewal agreement. The judgment is reversed and the cause remanded with directions to enter judgment in favor of the appellants.

HATHAWAY, C. J., and HOWARD, J., concur.