531 P.2d 1153

**HORIZON CORPORATION, a corporation,**
Appellant and Cross-Appellee,

v.

**Steven J. WEINBERG, Appellee**
and Cross-Appellant.

**No. 2 CA–CIV 1661.**

Court of Appeals of Arizona,
Division 2.

Feb. 20, 1975.
Rehearing Denied March 25, 1975.
Review Denied April 29, 1975.

Robertson, Molloy, Fickett & Jones, P. C. by Michael J. Meehan, Tucson, for appellant and cross-appellee.

Quigley & Quigley, P. C. by John M. Quigley, Tucson, for appellee and cross-appellant.

### OPINION

HATHAWAY, Judge.

This appeal and cross-appeal arise out of an action instituted by Mr. Weinberg against Horizon Corporation to recover damages for an alleged breach of an employment contract. The case was tried to the court sitting without a jury, findings of fact and conclusions of law were made, and judgment entered in Weinberg's favor in the amount of $2,301.67. Horizon seeks reversal or in the alternative, reduction of the damages award, whereas Weinberg seeks an increase in the amount of damages awarded to him.

The pre-trial order recites the respective positions of the parties. Weinberg's position was that he had an agreement with Horizon for employment in the capacity of a financial analyst for a reasonable period of time, such reasonable period being at least one year. Further, that he had begun his employment on April 14, 1972 and had been terminated without proper cause on November 8, 1972. Horizon's position was that the employment contract was for an indefinite period of time, hence terminable at will by either party, and that Weinberg's dismissal was for cause. The issues of fact and law set forth in the pre-trial order included: (1) "What were the terms of the employment contract between the parties?" and (2) "Was the contract terminable at will by defendant?"

The following findings of fact were made:

"1. Plaintiff accepted employment with defendant as the result of inducement from defendant that such employment would be for an indefinitely long period of time, and for at least one year.

2. In consideration of acceptance of employment with defendant, plaintiff made material changes in his circumstances by:

a. Moving his residence cross-country;

b. Servering [sic] an advantageous employment relationship with Procon Corporation;

c. Terminating a post-graduate collegiate course; and

d. Severing his ties in the Chicago area in order to make a new home in Tucson.

3. The methods employed by defendant, in advertising, interviewing and having plaintiff sign a 'relocation expense agreement' indicated a contemplated employment of at least one year."

The trial court made the following conclusions of law:

"1. An employment contract was entered into between the plaintiff and defendant for an indefinitely long period of time, but not less than one year.

2. Plaintiff was discharged by defendant from his employment pursuant to said contract after less than seven months without legal justification."

[Other findings of fact and conclusions of law relating to damages were also entered.]

The significant facts are essentially undisputed. According to Weinberg, he responded to a Horizon advertisement in the Wall Street Journal describing career op-

portunities for financial analysts and extolling Tucson as a place to live. He made two trips to Tucson for employment interviews and on one was accompanied by his wife. The expenses of these trips were paid for by Horizon. No definite term of employment was agreed upon but, according to Weinberg, his understanding was that the job would last for a long period of time and he assumed that the position would last at least one year.

Between the first interview and Weinberg's commencement of work, there was some correspondence between him and the assistant controller of Horizon. The letters consisted of one from Weinberg expressing interest in the job with Horizon, a letter from Horizon confirming a telephone offer of $13,500 per year plus an offer to reimburse relocation expenses, a letter from Weinberg enclosing a statement of travel expenses and expressing thanks for being employed, and a letter from Horizon enclosing a check for expenses and confirming the employment. There was no reference in this correspondence to any specific term of employment.

Approximately one month before he commenced working for Horizon, Weinberg signed a Horizon relocation expense agreement in which he agreed to repay to Horizon the moving expenses "in the event I resign for reasons within my control within 12 months after the starting date of my employment with Horizon."

■ We are unable to agree with the trial court's conclusion that the employment contract between Horizon and Weinberg was "for an indefinitely long period of time, but not less than one year." The fact that Horizon advertised the employment as "permanent" or "career" did not make the employment one for a definite period, but one of indefinite duration and terminable at will. Degen v. Investors Diversified Services, Inc., 260 Minn. 424, 110 N.W.2d 863 (1961); Cummings v. Kelling Nut Co., 368 Pa. 448, 84 A.2d 323 (1951).

In a majority of jurisdictions the settled rule is that a hiring at a specified sum per week, month or year, is, in the absence of special circumstances, no more than an indefinite hiring. See Annot., 161 A.L.R. 706, § V; Russell and Axon v. Handshoe, 176 So.2d 909 (Fla.App., 1965); 53 Am. Jur.2d, Master and Servant § 29.

■ Unless otherwise agreed, mutual promises by principal and agent to employ and to serve create obligations to employ and to serve which are terminable upon notice by either party. Restatement, Agency 2d, § 442; Builders Supply Corporation v. Shipley, 86 Ariz. 153, 341 P.2d 940 (1959). Nevertheless, as pointed out in Comment a. to the Restatement, supra, § 442, the fact that consideration has been given for entering into the employment relation distinct from the promise to pay for the service, or the circumstances surrounding the employment may, however, indicate that the parties contracted with reference to a period of time during which the employment is to continue.

What circumstances can be considered in determining that an employment was for a fixed period, and what weight shall be given to them, cannot be determined by any hard and fast rule. Lasser v. Grunbaum Bros. Furniture Co., Inc., 46 Wash.2d 408, 281 P.2d 832 (1955). The Restatement, Agency 2d, § 442, Comment b. gives a number of illustrations of relevant facts which might be considered in determining whether an employment was for a fixed period. These include: an agreement for the period of time mentioned as that for payment, or as the basis for payment, is indicated if one party pays consideration aside from his promise to employ or to serve; if the agency is an important one and such that a temporary appointment would not likely be made; if, as the principal has notice, the employee has made an important change in his general relations in order to accept the position, such as the removal of himself and his things to a new place; or if he has given up a position of some value in order to enter the employment. The comment indicates that in the absence of other facts, a custom in the

business of which the parties should know, or a usage by the principal as to periods of employment of which the agent should know, is controlling.

█ We are of the opinion that Weinberg did not present sufficient proof of other relevant facts which might establish a hiring for a definite period. There was no proof of a custom in the industry nor was Weinberg's new position a very important one for both parties. It is true that Weinberg was required to move and relocate his family in Tucson by accepting Horizon's offer of employment. These expenses of relocation, however, were borne by Horizon. We are unable to attribute to Weinberg's agreement to reimburse Horizon for these expenses if he resigned for reasons within his control within 12 months after commencing his employment the importance that apparently the lower court did.

We conceive that the relocation expense agreement was nothing more than an extension of a fringe benefit conditioned upon Weinberg's remaining in Horizon's employ for a period of one year. In fact, the very agreement itself negates an employment for a definite period since it recognizes Weinberg might resign before the expiration of one year. The agreement is nothing more than an attempt by Horizon to protect its investment of several thousand dollars in Weinberg by bringing him to Arizona and to deter him from being attracted to perhaps more lucrative employment. Such inducement to longevity cannot be distorted into an agreement to employ for a definite period.

Courts are not post-transaction guardians of parties to an agreement and there was no inequality of bargaining power which prevented Weinberg from protecting himself as to the duration of his employment with Horizon. Since the evidence reflects no more than employment for an indefinite period, it was terminable at the will of either party. There being no breach of contract, Weinberg was not entitled to recover damages.

The judgment is reversed with directions to enter judgment in favor of Horizon. The cross-appeal is dismissed.

HOWARD, C. J., and KRUCKER, J., concur.