563 P.2d 923

**RANGER INSURANCE COMPANY, a New York Corporation, Appellant,**

v.

**Ernest LAMPPA dba World Adventurers Travel Club, Appellee.**

**1 CA–CIV 3284.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 13, 1977.

Fennemore, Craig, von Ammon & Udall by Jerome B. Shultz, Phoenix, for appellant.

Moran & Keil by John P. Moran, Phoenix, for appellee.

NELSON, Presiding Judge.

This cause is here as a result of summary judgment being granted in favor of the appellee, Ernest Lamppa, d/b/a World Adventurers Travel Club (Lamppa), and against appellant Ranger Insurance Company (Ranger), for a claim of loss under an all-risk insurance policy covering a DC–7C aircraft leased by Lamppa. The sole question on appeal is whether the loss is covered by Coverage F or Coverage G of the policy in question. If Coverage F is applicable, as found by the trial court, the judgment must be affirmed; if Coverage G governs, Lamppa cannot recover since the deductible for losses under Coverage G is $5,000 and the stipulated amount of the loss here is $4,000.

The facts are undisputed. The loss in question occurred as a result of a fire in the number four (4) engine during a maintenance "runup" of the aircraft engines. At the time of the fire the plane was in storage, its flights having been discontinued, and the "runup" of the engine was part of a routine maintenance procedure carried out approximately every thirty days. The loss in question occurred when the airplane was stationary, its wheels having been "chocked" to prevent motion.

The two clauses we are concerned with are set forth as follows:

COVERAGE F

"All Risks While Not in Motion. To pay for direct loss of or damage to the aircraft, hereinafter called loss, occurring while the aircraft engine is not operating and while the aircraft is not in motion under its own power or the momentum generated therefrom, excluding fire or explosion following motion of the aircraft under its own power or momentum generated therefrom, out of which a collision occurs with any object. The amount specified as the deductible in the Declarations shall not apply to loss or damage caused by fire, explosion, lightning, theft, robbery, vandalism or an accident to the conveyance in or on which the aircraft, while dismantled, is being transported."

COVERAGE G

"All Risks While in Motion. To pay for direct and accidental loss of or damage to the aircraft, hereinafter called loss, occurring while the aircraft is in motion under its own power or the momentum generated therefrom, or while the aircraft engine is operating, including fire or explosion caused by or resulting from collision of the aircraft with any object and including disappearance if the aircraft is missing and not located for sixty (60) days after takeoff."

The law governing our review is likewise undisputed. The interpretation of an insurance contract is a question of law and may be determined by this Court independent of the findings of the trial court. *State Farm Fire and Casualty Company v. Rossini*, 107 Ariz. 561, 490 P.2d 567 (1971). Contracts of insurance must be construed according to the terms set forth where those terms are plain and unambiguous. *Berry v. Acacia Mutual Life Association*, 49 Ariz. 413, 67 P.2d 478 (1937).

Where there is doubt or ambiguity regarding contract coverage or its terms, an

insurance contract will be construed against the insurer and in favor of the insured. *Home Insurance Company v. Lomax,* 17 Ariz.App. 520, 498 P.2d 594 (1972). Ambiguity exists in a contract when it can be reasonably construed in more than one sense and such construction cannot be determined within the four corners of the instrument. *University Realty & Development Company v. Omid-Gaf, Inc.,* 19 Ariz. App. 488, 508 P.2d 747 (1973).

In spite of the deposition of Lamppa and some apparent confusion on the part of an adjuster, we believe the contract of insurance is clear and unambiguous, with only one reasonable construction available. Coverage F is clearly not applicable. It provides coverage for loss "occurring while the aircraft engine is *not* operating and while the aircraft is not in motion under its own power or the momentum generated therefrom." While the aircraft was motionless at the time of the loss, the aircraft engine was running. Coverage G is likewise clearly applicable, since it covers all the contingencies not covered by Coverage F. This section provides for losses "occurring while the aircraft is in motion under its own power or the momentum generated therefrom, or while the aircraft engine is operating."

Lamppa's effort to indicate that the maintenance engine runup is not clearly covered by either one of the coverage sections and therefore raises an ambiguity which must be resolved in his favor has no basis in the contract.

The clearest aspect of this contract was the intent by the insurer to grant coverage under section G whenever the aircraft's engines were running. This was obviously the risk factor which determined the differing deductibles under Coverages F and G. Damage or loss are much more likely to occur when the aircraft engines are running than otherwise, with one exception, closely associated to the running of the engines. This exception gave rise to the language in both sections regarding "the momentum generated therefrom."

The power generated from the aircraft engines is tremendous. It is obvious that momentum generated from that power can continue at great speeds, and for great distances, even after the engines have been cut off. Any risk resulting from that kind of momentum, even though the engines had been turned off, was absolutely covered under Coverage G. Motion without the engines running is likewise possible when these large aircraft are moved in and out of hangars and around airports by tractor. It is this kind of motion, much less risky than that generated by the aircraft's own power, that is governed by Coverage G. Coverage F is clearly never applicable when the engine is running.

The sole distinguishing factor between the two types of coverage is the operation of the aircraft's engines, or momentum caused by that operation. Since the engine was running at the time of the loss in question, Coverage G should have been applied.

The judgment of the Superior Court is reversed and the cause remanded with instructions to enter judgment in favor of Ranger, the appellant here.

HAIRE and WREN, JJ., concur.