623 P.2d 1250

Gwyn CHAPIN, D.V.M., and Norma L. Chapin, husband and wife, Plaintiffs/Appellees,

v.

E. J. KLEIN and Mary Ellen Klein, husband and wife, Defendants/Appellants.

2 CA–CIV 3730.

Court of Appeals of Arizona, Division 2.

Jan. 15, 1981.

Richey & Leiber by William K. Richey, Tucson, for plaintiffs/appellees.

Stephen I. Leshner, Phoenix, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

The issues in this case are whether the evidence before the trial court supports its findings that the employer is liable for discharging an employee where the employment contract was for a definite term and that the amount of damages is $3,850.00.

The contract called for the employee, a veterinarian, to work in the veterinary office of the employer for a period of three months. At the beginning of the second month he was discharged. The employer based his action on what he claimed were poor professional practices by the employee. A discharge for cause would be a defense. There was a conflict in the evidence concerning this issue. The burden is on the employer to prove justification for the discharge. *Davies v. Mansbach*, 338 S.W.2d 210 (Ky.App.1960). No request was made for findings of fact. However, in order to support a judgment in favor of the employee, the court's necessary finding was that the employer failed to sustain his burden and that finding will not be disturbed on appeal. *See Gressley v. Patterson Tillage & Leveling, Inc.*, 119 Ariz. 154, 579 P.2d 1124 (App.1968).

The trial court awarded $3,850.00 in damages. The measure of damages is the unpaid balance of the employee's salary less sums earned or which could reasonably have been earned during the remainder of the

period of the contract. *Fogelman v. Peruvian Associates*, 127 Ariz. 504, 622 P.2d 63 (App.1980); *Perry v. Apache Junction Elementary School District No. 43*, 20 Ariz. App. 561, 514 P.2d 514 (1973).

 Since there was sufficient evidence before the trial court to support the damage award, the amount will not be disturbed on appeal. *See Costanzo v. Stewart Title and Trust of Phoenix*, 23 Ariz.App. 313, 533 P.2d 73 (1975).

We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.