669 P.2d 969

**Barbara A. PHILLIPS,**
**Plaintiff/Appellee,**

v.

**FLOWING WELLS UNIFIED SCHOOL**
**DISTRICT NO. 8 OF PIMA COUNTY,**
**Arizona, Defendant/Appellant.**

**No. 2 CA–CIV 4495.**

Court of Appeals of Arizona,
Division 2.

Feb. 23, 1983.

Rehearing Denied Apr. 6, 1983.

Review Denied June 8, 1983.

Quigley & Quigley, P.C. by John M. Quigley, Tucson, for plaintiff/appellee.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C. by William B. Hanson, Tucson, for defendant/appellant.

OPINION

BIRDSALL, Judge.

The appellant, Flowing Wells Unified School District # 8 of Pima County, appeals from an adverse decision by the trial court sitting without a jury in favor of the appellee, Barbara A. Phillips. The appellant terminated the appellee's then current contract as its Food Service Director for the year July 1, 1978 to June 30, 1979, effective two weeks from May 22, 1979. At the same time, the appellant also terminated the appellee's new contract for the year commencing July 1, 1979 to June 30, 1980. The two contracts are identical for all material purposes in this appeal. The trial court awarded the appellee the remainder of her 1978–79 salary and all of her 1979–80 salary as damages.

The trial court made extensive findings of fact as requested pursuant to Rule 52(a), Rules of Civil Procedure, 16 A.R.S. For the most part these findings pertain to circumstances leading to the appellee's discharge.

The court concluded as a matter of law that the contracts were not terminable at will; that they were terminable for good cause; that good cause is synonymous with a material and substantial breach of the contracts and that the plaintiff (appellee) had not breached the contracts. From the facts found by the trial court the conclusion that the appellee had not breached the contract and therefore there was no "good cause" to discharge her is readily apparent. The appellant does not quarrel with these factual findings, contending instead that the contracts were terminable at will and no "good cause" was required. We agree and reverse.

The appellee was employed in the food service function of the school for 10 years prior to the 1978–79 school year. She had always been employed for one year terms. The trial court found:

"31. Contracts between school district employees and the school district are made, executed, and to be performed over a school year. The fact that personnel costs are an overwhelming majority of the school district's budgets makes this an economic necessity."

Each year the parties had a written employment contract and at least since the year 1972–73 it contained, in part, the following language:

"The Board ... agrees to employ Barbara Phillips ... subject to the following conditions:

.    .    .    .    .

6. This contract may be terminated by either of the contractual parties for reasons each may consider justified by giving written notice at least two weeks prior to such termination. However, when deemed necessary, the Board reserves the right to immediately terminate this contract."

■ The appellant contends this provision meant that the appellee could be terminated at will regardless of the fact that the contract was for a period of one year; also, that the provision is not ambiguous, but should clearly be read: "This contract may be terminated by either of the contractual parties for reasons *either* may consider justified ...", thus substituting the emphasized word *either* for the word *each*. On the other hand the appellee contends the word to be substituted for *each* is "*both*", thus requiring that the parties agree on whether a given reason constitutes good cause. We agree that the paragraph is not ambiguous. A contract is not ambiguous just because the parties disagree as to its meaning. *Boudreau v. Borg-Warner Acceptance Corp.,* 616 F.2d 1077 (9th Cir.1980); *Associated Students, Etc. v. Ariz. Bd. of R.,* 120 Ariz. 100, 584 P.2d 564 (App.1978), cert. denied, 440 U.S. 913, 99 S.Ct. 1226–27, 59 L.Ed.2d 462 (1979); *Giovanelli v. First Fed. Sav. and Loan Ass'n,* 120 Ariz. 577, 587 P.2d 763 (App.1978).

■ Language used in a contract is ambiguous only when it can reasonably be construed to have more than one meaning. *Assoc. Students, supra; University Realty & Development Co. v. Omid-Gaf, Inc.,* 19 Ariz.App. 488, 508 P.2d 747 (1973). The only reasonable construction of the subject employment contract is that given to it by the appellant, i.e., it was terminable by either party for reasons that party considered justified such action. Without this provision the contract is for one year, a time certain, and would not be terminable except for cause. *Chapin v. Klein,* 128 Ariz. 94, 623 P.2d 1250 (App.1981). *And see Horizon Corporation v. Weinberg,* 23 Ariz.App. 215, 531 P.2d 1153 (1975). The meaning urged by the appellee is unreasonable. It gives no effect to paragraph 6 since the parties could always mutually agree upon termination. A contract must be construed so that every part is given effect. *New Pueblo Const., Inc. v. Lake Patagonia Rec. Ass'n,* 12 Ariz.App. 13, 467 P.2d 88 (1970); *Reserve Insurance Company v. Staats,* 9 Ariz.App. 410, 453 P.2d 239 (1969). A contract must be construed in its entirety. *Cavanagh v. Schaefer,* 112 Ariz. 600, 545 P.2d 416 (1976). The obvious purpose of paragraph 6 was to provide that the appellee, who could otherwise be terminated for cause, could be terminated at will.

■ The interpretation of a contract is a matter of law and we can properly proceed to make that determination on the record before us. *Polk v. Koerner,* 111 Ariz. 493, 533 P.2d 660 (1975). We are not bound by the trial court's legal conclusions. We find no fault with the trial court's factual findings since they are at least supported by conflicting evidence, but none of those findings require the conclusion that the contracts were not terminable at will. *Polk, ibid.* The interpretation of the employment contract is a question of law to be determined by this court independent of the trial court's interpretation. In the interpretation the court must ascertain and give effect to the intention of the parties at the time it was made, if at all possible. *Polk, ibid.*

■ The foregoing construction of the contract has been made without resort to any extrinsic evidence since effect must be given to the contract as it is written. *Hadley v. Southwest Properties, Inc.,* 116 Ariz. 503, 570 P.2d 190 (1977). However, no evidence before the trial court suggested any other meaning. In fact other documentary evidence supports the interpretation we have reached. On July 11, 1974, the appellant adopted "Board Policy and District Procedures" which contained the following:

> "Support staff employees shall receive an employment contract for each year of demonstrated satisfactory service. The contract is extended on a year to year basis, and may be terminated upon two weeks notice by the employer or employee for any reason, or upon completion of the term of the contract by either party without statement of any reason."

The appellee contends that the conduct of the appellant shows that it believed that cause for termination had to be established. Our attention is directed to letters dated May 16 and May 23, 1979, from the school superintendent to the appellee. In the first letter the only reference to the reason for the action taken by the school is the following:

> "I sincerely regret that this action is necessary; however, your termination is based upon reasons which are deemed to be justified."

This is the very language of paragraph 6 of the contracts. It does not suggest in any way that the termination was not "at will". The second letter advised the appellee that the school board had approved the superintendent's recommendation that the appellee be terminated. The letter contained the following sentence: "Unsatisfactory job performance is the reason for the termination action." We do not agree with the appellee that the fact this reason was given means the appellant believed the contract was not terminable at will.

The appellee also argues, if cause was not required, why was she given a lengthy public hearing to contest her termination. The short, simple answer to that argument is because board policy, as contained in an exhibit, provided that a hearing could be "voluntarily granted" even though not required by law or board policy.

In view of our disposition of this appeal, we need not consider the other issue raised by the appellant concerning an evidentiary ruling.

Reversed and remanded with directions to enter judgment for the appellant.

HOWARD, C.J., and HATHAWAY, J., concur.