701 P.2d 13

**TECHNICAL EQUITIES CORPORATION, Plaintiff/Appellant,**

v.

**COACHMAN REAL ESTATE INVESTMENT CORPORATION, a Nebraska corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5245.**

Court of Appeals of Arizona, Division 2, Department B.

April 11, 1985.

Schorr, Leonard & Felker, P.C. by Franklin O. Eldridge and Clifford B. Altfeld, Tucson, for plaintiff/appellant.

Davis, Siegel & Gugino, P.C. by Stuart J. Siegel, Tucson, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

In this case, the purchaser of real property, Technical Equities Corporation (TEC), filed a complaint against the seller, Coachman Real Estate Investment Corporation (CREIC), for breach of contract by refusing to pay property taxes for the year 1980 on the value re-assessed by the county assessor in 1981 after the closing of the sale.

Both parties made motions for summary judgment, and the superior court denied the motion of TEC and granted the motion of CREIC based upon a finding that Paragraph 15 of the contract took precedence over Paragraph 13. We agree and affirm.

The contract for sale entered into by the parties in December 1980 contained two provisions at issue in this case, Paragraph 13:

"13. *Indemnity Agreement.* Seller agrees to indemnify and hold Buyer, and the Property free and harmless, of any and all liabilities arising out of any breach of a lease, breach of contract, or any other matter related to the Property which occurred or is alleged to have occurred prior to the close of Escrow."

and Paragraph 15:

"15. *Prorations.* There shall be prorated between Buyer, or its assignee, and Seller as of the close of Escrow, on the basis of 30 day months, the following:

(a) Real and personal property taxes for the current tax year levied or assessed against the Property (including any water and/or sewer taxes levied against the Property) based on the latest available tax bills whether for that year or the preceding year.

* * * "

After the parties closed the purchase and sale in January 1981, real property taxes for 1980 were re-assessed and amended by the Pima County assessor resulting in an increase of 1980 taxes. Nothing in the record suggests anyone had any difficulty at closing in complying with the proration of taxes as agreed by the parties in Para-graph 15. The provisions of Paragraph 15 are clear and unambiguous, and the lower court was correct in treating the issues below as a matter of law and subject to summary disposition. *Maganas v. Northroup,* 135 Ariz. 573, 663 P.2d 565 (1983); *Hadley v. Southwest Properties,* 116 Ariz. 503, 570 P.2d 190 (1977).

Arizona law clearly holds that specific provisions of a contract qualify the meaning of a general provision. *Central Housing Investment Corporation v. Federal National Mortgage Association,* 74 Ariz. 308, 248 P.2d 866 (1952); *Brisco v. Meritplan Insurance Company,* 132 Ariz. 72, 643 P.2d 1042 (App.1982).

We cannot read Paragraph 13 by itself, disjointed from Paragraph 15 and the other provisions of the contract. When the agreement is read as a whole, the inescapable conclusion is that Paragraph 15, providing for the proration and payment of taxes, governs the parties' agreement regarding that subject. *Hamberlin v. Townsend,* 76 Ariz. 191, 261 P.2d 1003 (1953). In any event, the tax re-assessment occurred after the close of escrow, and therefore, could not be considered "any other matter related to the Property which occurred or is alleged to have occurred prior to the close of [e]scrow," so as to bring it within the provisions of Paragraph 13.

The parties were free to agree on any method of proration and payment of 1980 taxes. They chose the words in Paragraph 15, to prorate "based on the latest available tax bills whether for that year or the preceding year." This method was used at closing without any disagreement as to the meaning of the words or their application. The fact that one of the parties to the contract now claims a different meaning of the provisions of Paragraph 15 does not create an ambiguity. *Phillips v. Flowing Wells Unified School District,* 137 Ariz. 192, 669 P.2d 969 (App.1978); *Associated Students v. Arizona Board of Regents,* 120 Ariz. 100, 584 P.2d 564 (App.1978); *University Realty & Development v. Omid-Gaf, Inc.,* 19 Ariz.App. 488, 508 P.2d 747 (1973).

The superior court correctly concluded from an examination of the contract and all of its provisions that the provisions of Paragraph 15 are clear and unambiguous with respect to the payment of taxes, and summary judgment was properly granted.

AFFIRMED.

HATHAWAY, P.J., and LIVERMORE, J., concur.