706 P.2d 394

Karen Bret **HARTE**, nee Knudsen and Lawrence K. Bret Harte, wife and husband, Plaintiffs/Appellants,

v.

**STUTTGART AUTOHAUS, INC.,** Defendant/Appellee.

No. 2 CA–CIV 5291.

Court of Appeals of Arizona, Division 2, Department B.

May 9, 1985.

Review Denied Sept. 17, 1985.

Miller & Pitt, P.C. by John A. Baade, Tucson, for plaintiffs/appellants.

Norman R. Freeman, II, P.C. by Michael B. Mance, Tucson, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

In this case Karen Bret Harte and Lawrence K. Bret Harte, wife and husband, claim damages from Stuttgart Autohaus, Inc. because a rebuilt Volkswagen engine purchased from and installed by Stuttgart failed after 1,400 miles. An express written warranty given at the time of sale warranted the engine for 12 months or 12,000 miles, whichever came first, under normal driving conditions. The only stated exclusion in the warranty was for offroad vehicles including dune buggies. Prior to selling and installing the rebuilt engine, Stuttgart knew the Bret Hartes were going to take a trip to Mexico to see the annual migration of whales.

The trial court was sitting in a trial de novo from an arbitration award in favor of Bret Hartes and made findings of fact and conclusions of law entering judgment in favor of Stuttgart with an award of attorney's fees. A motion for new trial was denied.

Bret Hartes claim on appeal that the court misinterpreted the terms of the express warranty and erroneously concluded that in the absence of a proven defect they could not recover damages and that driving the vehicle on a trip to Mexico was not driving under normal conditions.

We reverse.

## I. THE EXPRESS WARRANTY GIVEN WAS NOT LIMITED TO DEFECTIVE PARTS OR IMPROPER INSTALLATION.

The interpretation of an instrument is a matter of law to be determined by this court independent of the trial court's findings. We are not bound by the trial court's legal conclusions. *Polk v. Koerner*, 111 Ariz. 493, 533 P.2d 660 (1975); *Huskie v. Ames Brothers Motor Supply*, 139 Ariz. 396, 678 P.2d 977 (App.1984); *Phillips v. Flowing Wells Unified School District*, 137 Ariz. 192, 669 P.2d 969 (App.1983).

The express warranty given to Bret Hartes was a guarantee that the engine would perform for 12,000 miles or twelve months, whichever occurred first under

normal driving conditions. The exact, pertinent language from the warranty is as follows:

"Rebuilt engine guaranteed 12 months or 12,000 miles, whichever comes first. Warranty covers entire engine under normal driving conditions, but does not cover the following engine components: clutch, generator, carburetor, fuel pump, fan belt, distributor, muffler.
Vehicles used for off road driving (including Dune Buggys) are excluded from warranty."

■ The above-quoted warranty is not a warranty against defects in materials or workmanship, and the trial court's conclusion of law to that effect was erroneous as no proof of defect was required by Bret Hartes,[1] but merely a failure of promised performance. There was uncontradicted evidence before the trial court that the engine failed after only 1,300–1,400 miles. Bret Hartes needed only to prove this in order to recover damages from Stuttgart so long as the failure occurred under normal driving conditions, that being the only disclaimer in the warranty relevant to this case. *Huebert v. Federal Pacific Electric Co.,* 208 Kan. 720, 494 P.2d 1210 (1972); *McCarty v. E.J. Korvette, Inc.,* 28 Md.App. 421, 347 A.2d 253 (1975); *Realmuto v. Straub Motors, Inc.,* 65 N.J. 336, 322 A.2d 440 (1974); *Collins v. Uniroyal, Inc.,* 64 N.J. 260, 315 A.2d 16 (1974).

Stuttgart refers us to many warranty cases to substantiate the trial court's finding that Bret Hartes had failed to prove a defect in workmanship or materials, but we find the cases are not controlling since the warranty given for Stuttgart was not one for defect in materials or workmanship.

## II. WARRANTY REQUIREMENT OF DRIVING UNDER NORMAL CONDITIONS INCLUDES TRIP TO MEXICO.

The trial court found as facts from the evidence the following:

"3. At the time the Defendant sold the rebuilt engine to Plaintiffs, its service manager knew specifically that Plaintiffs intended to take the Volkswagen Van on an extended trip to Mexico.

4. After learning that Plaintiffs intended to take the Van to Mexico, Defendant said nothing to indicate to the Plaintiffs that the warranty would be inapplicable if the Van was used in Mexico.

\*      \*      \*      \*      \*      \*

6. People who live in Southern Arizona frequently travel in Mexico and purchase Mexican fuel in connection with that travel.

\*      \*      \*      \*      \*      \*

14. Plaintiffs operated said vehicle in a normal manner with no off the road driving and no excessive speeds, and their vehicle was not overloaded. No persons had access to the vehicle as Plaintiffs were with it at all times while in Mexico."

■ The court's conclusion of law that driving in Mexico on an extended trip, due to the quality of Mexican fuel, is not "normal driving conditions" is not supported by its findings. "Normal" has been held to be synonymous with common. 66 C.J.S. Normal at 606 (1950). The expression "normal use" has been construed to mean reasonably foreseeable uses. *Branch v. Chevron Int'l Oil Co.,* 681 F.2d 426 at 429 (5th Cir.1982); *Reed v. John Deere,* 569 F.Supp. 371 (M.La.1983). The Random House Dictionary states that a synonym for "normal" is "ordinary, regular and usual."

Having found as a fact that people living in Southern Arizona frequently travel in Mexico and purchase Mexican fuel in connection therewith, the court could not logi-

1. A.R.S. § 47–2313 express warranty, governs this case and states in part the following: "A. Express warranties by the seller are created as follows: 1. Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."

cally conclude that the trip by Bret Hartes constituted abnormal driving conditions. All of the findings stated above lead to only one conclusion—a resident of Tucson, Arizona, driving a vehicle on a trip to Mexico is a common, usual and forseeable use—and damages suffered by Bret Hartes were covered by the warranty. With knowledge of the planned trip, there is no explanation given for Stuttgart's silence regarding Bret Hartes' use of the rebuilt engine in Mexico or that the warranty given would not be valid. If Stuttgart intended its warranty not to apply for travel in Mexico, it should have so limited it.

The award of attorney's fees to Stuttgart by the trial court is reversed.

Having disposed of this case on the issue of breach of an express warranty, we need not consider the issues raised on appeal regarding implied warranties and the trial of an issue by consent though not raised by the pleadings.

■ The trial court made findings of fact to support the damages suffered by Bret Hartes from a failure of the engine in Mexico. We reverse the judgment of the trial court and remand for entry of judgment in favor of Bret Hartes and against Stuttgart as follows:

1. $1,065.94 conditioned upon return of the engine to Stuttgart in the same or similar condition as it existed on April 14, 1981, with a deduction in an amount to be determined by the trial court equal to a reasonable value for the use of the engine by Bret Hartes since that time (Finding of Fact No. 2).

2. $60.00 for towing charges in Mexico. (Finding of Fact No. 15).

3. $625.22 repairs incurred in Mexico. (Finding of Fact No. 16).

4. $411.91 living expenses in Mexico incurred while the engine was being repaired. (Finding of Fact No. 17).

5. Interest on the above amounts from April 14, 1981, the date of the written notice of revocation of acceptance. (Finding of Fact No. 18).

6. Costs and reasonable attorney's fees pursuant to A.R.S. § 12–341.01.

*Seekings v. Jimmy GMC of Tucson, Inc.,* 130 Ariz. 596, 638 P.2d 210 (1981); *Mobile Home Sales Management, Inc. v. Brown,* 115 Ariz. 11, 562 P.2d 1378 (App.1977).

Bret Hartes are awarded attorney's fees and costs on this appeal.

HATHAWAY, P.J., and LIVERMORE, J., concur.