**Office of Navajo Labor Relations, Appellant,**

v.

**West World, Appellee.**

**Decided April 18, 1994**

## OPINION

Before YAZZIE, Chief Justice, BLUEHOUSE and TOLEDO (sitting by special designation), Associate Justices.

Wilson Yellowhair, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation (Arizona), for the Appellant.

Opinion delivered by YAZZIE, Chief Justice.

This is an appeal from a Navajo Nation Labor Commission decision of May 1, 1992. The Commission determined that West World wrongfully terminated Audrey Dahozy without just cause in violation of Section 604(B)(8) of the Navajo Preference in Employment Act (Act).

The dispute is about backpay. The Office of Navajo Labor Relations (ONLR), representing Dahozy, claims that the Commission incorrectly awarded the amount of backpay due to Dahozy.

### I

On September 12, 1990, West World[1] entered into a contract[2] with the Navajo Nation to train two sales clerks for a term from August 13, 1990 to October 5, 1990.

On August 17, 1990, West World hired Dahozy as a sales clerk at $3.80 per hour. West World does not have a written personnel manual, so when Dahozy began her employment, she was verbally instructed as to her job duties.

West World discovered a cash shortage following its September 1, 1990 grand opening. Because of the cash shortage and poor job performance, Dahozy was terminated on September 13, 1990.

On November 21, 1991, Dahozy filed a complaint with ONLR against West World. Dahozy's two claims alleged that she was terminated without just cause,

---

1. West World is a retail business located at Window Rock, Navajo Nation (Arizona).

2. The Job Partnership Training Act, Public Law 97-300, funds on-the-job training for youth and unskilled adults and is administered by the Navajo Department of Employment and Training.

and intimidated and harassed on the job in violation of the Act. Dahozy asked to be reinstated to her sales clerk position and for full back pay, payment of all fringe benefits and expungement of any adverse action from her personnel records.

The Commission heard Dahozy's claims on February 14, 1992. On May 1, 1992, the Commission issued the following findings: West World terminated Dahozy without just cause in violation of Section 604(B)(8) of the Act. West World failed to provide any assistance or counseling prior to terminating Dahozy for poor job performance. Dahozy could have worked from September 12, 1990 to October 5, 1990 had West World complied with Section 6(a) of the general provisions. For relief, the Commission awarded Dahozy back pay of $516.80 for lost wages. The Commission did not address Dahozy's other claim of intimidation and harassment.

On May 12, 1993, ONLR appealed the backpay issue. This Court reviewed the record and remanded the matter to the Commission and ordered it to make supplemental findings of fact, supported by evidence, and conclusions of law to explain the $516.80 backpay award. On October 11, 1993, the Commission amended its decision to justify the backpay award.

## II

The issue on appeal is whether the Navajo Nation Labor Commission properly awarded backpay to Audrey Dahozy after finding that West World wrongfully terminated her in violation of Section 604(B)(8) of the Act.

## III

The Commission's award of back pay for wrongful employment termination is the focus of this appeal. ONLR claims that the backpay awarded Dahozy is not supported by evidence. It also claims that under the general provisions of the contract, West World should have retained Dahozy as a regular employee following the on-the-job training period for these reasons: Section 2.a states that "upon successful completion of the training period, the Contractor shall retain the participant in unsubsidized employment as a member of the Contractor's regular work force"; and Section 10 states that "the Contractor further agrees to permanently employ the participant(s) upon completion of the OJT period." Consequently, the Commission's failure to consider these two provisions resulted in a backpay limited to $516.80.

The Commission has the authority to award backpay in appropriate circumstances. Section 12.A of the Act authorizes the Commission to award backpay to a wrongfully terminated employee:

> It shall issue one or more remedial orders, including without limitation ... backpay, ... to cure the violation within a reasonable period of time, and/or upon a finding of intentional violation, imposition of civil fines; provided that

liability for backpay or other forms of compensatory damages shall not accrue from a date more than two years prior to the date of filing of the Charge which is the basis for the complaint.

The Navajo Preference in Employment Act, 15 N.T.C., Chapter 7 (Amended October 29, 1990).

An employee who has been wrongfully terminated may recover damages, including backpay, from his employer. *See* 53 Am. Jur. 2d *Master and Servant* § 62 (1970); 22 Am. Jur. 2d *Damages* § 109 (1965). A backpay award can arise by statute or case law. It is the traditional remedy used to "make whole" the employee after a wrongful termination. *See City of Chicago v. U.S. Dept. of Labor*, 753 F.2d 606, 608 (7th Cir. 1985); *County of Monroe, Florida v. U.S. Dept. of Labor*, 690 F.2d 1359, 1362 (11th Cir. 1982).

Dahozy claims her award of $516.80 is inadequate. Section 12.1 does not indicate how to calculate a backpay award. Navajo case law does not address the calculation of backpay for wrongful employment termination. Therefore, we must look to other jurisdictions to determine the method of awarding backpay in a wrongful employment termination case.

To determine the amount of backpay, we look at the contract terms. Generally, there are two basic types of employment relationships: employment for a definite term and employment at will.

As to what constitutes a definite term employment contract, it must definitely indicate some measurable period of time. *See* L. Larson, *Unjust Dismissal* § 3.03 (1993). Where an employee is hired for a definite term and thereafter wrongfully terminated, the measure of damages is the unpaid balance of the employee's salary less the sums earned or which could have reasonably been earned during the remainder of the contract period. *See Chapin v. Klein*, 623 P.2d 1250 (Ariz. App. 1981); *Board of Edu. of Alamogordo Public School Dist. v. Jennings*, 701 P.2d 361 (N.M. 1985); *Fogelman v. Peruvian Assoc.*, 622 P.2d 62 (Ariz. App. 1980).

When an employment contract is not supported by any consideration other than performance of duties and payment of wages, and there is no explicit contract provision stating otherwise, it is an indefinite term employment contract and terminable-at-will by either party. *Melnick v. State Farm Mutual Auto Insurance Co.*, 749 P.2d 1105 (N.M. 1988). Under Navajo law, an employee-at-will can be fired for any reason unless the employee is tenured by contract or the employee is tenured by practice of employment. *Davis v. Navajo Tribe*, 4 Nav. R. 50, 51 (1983). Generally, the period of compensation for wrongful discharge in breach of an indefinite term contract normally runs from the date of the discharge to the time of judgment. *See* L. Larson, *Unjust Dismissal* § 9A.02[4] (1993); *Sterling Drug, Inc. v. Oxford*, 743 S.W.2d 380 (Ark. 1988), *reh'g denied*, 747 S.W.2d 579 (1988).

The difficulty in applying these employment contract rules lies in the fact that the Commission failed to reach a conclusion of law regarding Dahozy's term of

employment. The original decision of May 1, 1992 appears to conclude that the term was the period between September 12, 1990 and October 5, 1990. The amended decision of September 23, 1993 reaches the same conclusion. The problem, however, is that Sections 2.a and 10 of the contract required West World to give Dahozy permanent employment following the conclusion of training.

The Commission has primary jurisdiction to determine compliance with the Act in a wrongful termination matter. *See Navajo Skill Center v. Benally*, 5 Nav. R. 93, 97 (1986). The Commission, and not the Court, must determine if the employment contract is a definite or indefinite term contract in justifying its award of backpay.

For these reasons, this cause is remanded to the Navajo Nation Labor Commission for a written determination of the term of employment in accordance with this opinion.