129 Ariz. 252 (1981)
630 P.2d 548
In the Matter of the ESTATE OF Herminia O. JOHNSON, Deceased.
Delia LESKOVSKY, Petitioner/Appellant,
v.
Shelvie CHAPMAN, Respondent/Appellee.
No. 2 CA-CIV 3842.
Court of Appeals of Arizona, Division 2.
April 24, 1981.
Rehearing Denied May 27, 1981.
Review Denied June 23, 1981.
Schwanbeck, Lane & Present by Victor R. Schwanbeck, Tucson, for petitioner/appellant.
Christoffel, Ross & Zickerman, P.C. by Dean C. Christoffel, Tucson, for respondent/appellee.
*253 OPINION
BIRDSALL, Judge.
This appeal arises from a judgment on a petition for determination of title to property filed in the estate of Herminia O. Johnson, deceased. The trial court determined the two parcels remained as assets of the decedent's estate. We disagree.
The facts are not really in dispute. On November 29, 1978, Mrs. Johnson executed a warranty deed to the two parcels, one being a single family rental house and the second a lot with a mobile home permanently situated thereon which was Mrs. Johnson's residence. The deed was delivered to appellant, decedent's only child, two days after its preparation. It was held by her and recorded on January 29, 1979, two days after her mother's death. At the time of delivery of the deed, Mrs. Johnson told appellant she wanted her to have the property. The daughter did not record the deed because she wanted the rental property to be sold so her mother could have the money from the sale. Appellant was married and did not want to "tie up" the title to the property by bringing her husband into it. After the deed had been delivered, the mother listed the rental property for sale with a broker and that listing still existed at the time of her death. However, appellant made all the arrangements for this listing. The mother told other witnesses that she had given the properties to appellant. The property was not sold. It was rented after the delivery of the deed and the mother retained the rental proceeds. She also continued to occupy the other property as her home until her death.
As issues the appellant states:
1) Did the trial court err when it applied the principles of gift law to determine the validity of a transfer of real property by deed?
2) Did the trial court err when it held the warranty deed null and void with no legal effect and ordered title to the properties in the decedent's estate?
The trial court held that the transfer of the two properties by deed was an attempted gift, stating that the issue was whether a valid gift inter vivos was completed.
It further found that while Mrs. Johnson may have had the intent to make a gift to appellant she did not have a clear and present intent to divest herself of full possession and control of the property before her death.
The uncontradicted evidence does not support this finding. So far as Mrs. Johnson is concerned it is clear that she had a present intent to make a gift to her daughter when the deed was delivered. Although not recorded at that time, the deed was accepted by appellant. True, appellant then attempted to get the property sold in her mother's name so that Mrs. Johnson could have the proceeds, but this did not defeat the gift. This was not an exercise of control by the donor but rather an exercise of control by the grantee.
The fact that the mother continued to occupy her home and to receive the rents from the rental property were likewise not acts of control by Mrs. Johnson. We interpret these acts as evidence of appellant's acquiescence in the continued use of the properties by her mother. Appellant, in effect, gave her mother the benefits which would inure to one who retains a life estate in the properties.
The trial court cited and apparently relied on language in O'Hair v. O'Hair, 109 Ariz. 236, 508 P.2d 66 (1973) that the essential elements of an inter vivos gift are that the donor, before death, manifest a clear intent to give to the party claiming as donee full possession and control of the property. This was a joint bank account case and, therefore, readily distinguished. This rule does not apply in this case. The donor who makes a gift of real property may retain possession of that property for life and the retention of such a life estate does not defeat the gift. Schornick v. Schornick, 25 Ariz. 563, 220 P. 397 (1923). Thus even if the intention of the decedent was that the conveyance should not take effect until after her death, the deed would *254 still be valid. See A.R.S. § 33-221(C);[1]See also Annot. 31 A.L.R.2d 532 (1953); Allred v. Allred, 57 Ariz. 77, 111 P.2d 68 (1941); Schornick v. Schornick, supra.
We reverse and remand with directions to enter judgment decreeing that appellant has title to both properties.
HATHAWAY, C.J., and HOWARD, J., concur.
NOTES
[1] "An estate of freehold or inheritance may be made to commence in the future by deed or conveyance in like manner as by will."