631 P.2d 136

Roberto A. **MORELOS,**
**Plaintiff/Appellee,**

v.

Rebecca P. **MORELOS,**
**Defendant/Appellant.**

No. 2 CA–CIV 3881.

Court of Appeals of Arizona,
Division 2.

May 29, 1981.

Rehearing Denied July 2, 1981.

William Messing and Elliot Glicksman, Tucson, for plaintiff/appellee.

Little, Fisher, Brady, Bromley & Siegel, P. C. by Robert Douglas Little, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of a summary judgment in a quiet title action. The broad general issue is whether the record shows genuine issues as to material facts which preclude the granting of a summary judgment. The narrower issue is whether a deed, executed by appellee in favor of his daughter, the appellant, was delivered with the intent to take effect immediately, or, was intended as a testamentary disposition.

We proceed by first stating the cardinal rule governing the granting or denying of motions for summary judgment. If there is the slightest doubt as to whether a factual issue remains in dispute, the granting of summary judgment is erroneous and such doubt must be resolved in favor of a trial on the merits, and, even if there is no factual dispute, where possible inferences to be drawn from the circumstances are con-

1. This language was not in the deed of gift.

flicting, summary judgment is unwarranted. *Newmont Exploration Ltd. v. Siskon Corp.*, 125 Ariz. 267, 609 P.2d 82 (App.1980).

We consider the record in the light most favorable to appellant. *Perry v. Apache Junction Elementary School District No. 43, Board of Trustees*, 20 Ariz.App. 561, 514 P.2d 514 (1973), pet. den. 111 Ariz. 1, 522 P.2d 761 (1974).

Roberto and Petra Morelos, husband and wife, owned Lot 105 of El Rio Acres, Tucson, Pima County, Arizona, as joint tenants with the right of survivorship. Petra died on September 24, 1972. On October 9, 1972, appellee Roberto Morelos, executed the following documents: (1) An affidavit terminating joint tenancy; (2) a duly executed and acknowledged deed of gift granting Lot 105 (1708 North Navajo) to appellant, Rebecca Morelos; and (3) a duly executed and acknowledged deed conveying Lot 105 to appellant which contained the following language:

"This instrument is freely made and executed by the grantor, without any fraud, duress or undue influence, whatsoever, and for eventual delivery unto the grantee or as may be evidenced by its recording." [1]

At the time of the execution of the above instruments, appellant was 12 years of age and lived with her sister, Irene Garcia.

The record contains the affidavits of appellant's sisters and brother, Irene Garcia, Anna Aguilar and David Morelos. Anna Aguilar and David Morelos state in their affidavits that prior to their mother's death the family discussed the fact that they were all homeowners, except appellant, and that she should be provided for by giving her the residence on North Navajo. In November 1979 their father told them that Rebecca had an ownership interest in the property, that he had been renting it and had opened a joint savings account with her into which the rent monies were being deposited, and that she could draw money from this account whenever necessary. Rebecca was also told about the savings account and

withdrew money without giving notice to her father.

Irene Garcia stated in her deposition that on October 9, 1972, her father handed her, in Rebecca's presence, the deed which contained the above quoted language.[2] He told Irene that the property was to belong to Rebecca and to take care of the deed for her. He did not tell her not to record this deed.[3] He also told Irene the same things that he told her brother and sister regarding the savings account and in June 1978 he promised Rebecca she could move into the house very shortly.

In Rebecca's deposition, she said that her father told Irene that she was to hold the deed for Rebecca and that he knew it would be placed in Irene's safety deposit box. At or about the time the deed was given to Irene, he also told Rebecca that the house would be hers at his death. This was acknowledged in a letter dated December 5, 1979 by him as follows:

> "As you all knew, the deed I had made to you was to be recorded after I expired. All of my daughters and son knew this including some members of the extended family. This I did in good faith, leaving you a home, but only after I expired."

In 1979, she got the deed from Irene and recorded it. They both thought the deed had already been recorded when it was first given to Irene.

█ In Arizona, a deed to real property does not vest legal title in the grantee until it is delivered and accepted. *Roosevelt Savings Bank of the City of New York v. State Farm Fire & Casualty Company*, 27 Ariz. App. 522, 556 P.2d 823 (1976).

█ A.R.S. Sec. 33–221(C) states:

> "An estate of freehold or inheritance may be made to commence in the future by deed or conveyance in like manner as by will."

The unconditional delivery of a deed or grant of property to a third person to take effect at the time of the donor's death, if there is no intention to revoke or actual revocation, is effective and valid as of the time of delivery, though the enjoyment thereof may be postponed. *Allred v. Allred*, 57 Ariz. 77, 111 P.2d 68 (1941); see Annot. 31 A.L.R.2d 532, 538–41. Acceptance can take place after delivery when the delivery is to a third person for the benefit of the grantee. *Green v. Skinner*, 185 Cal. 435, 197 P. 60 (1921). In such cases assent relates back to the time when the grantor first handed the deed over to the third person to be delivered to the grantee. *Green v. Skinner*, supra.

█ There is evidence here that appellee, as grantor, put the deed out of his control and unconditionally delivered it to Irene Garcia. There is further evidence that appellant, as grantee, accepted the deed by recording it. See *Slagle v. Callaway*, 333 Mo. 1055, 64 S.W.2d 923 (1933).

Appellee stresses that the language in the deed which refers to "eventual delivery" shows no intention to effectuate a present transfer of the property. However, we believe this language does not necessarily negate a present intention and may be viewed as an instruction to Irene Garcia, to whom he intended to deliver the deed when he executed it, to give the deed to Rebecca when he died.

It is clear that material issues of fact exist which preclude the granting of summary judgment.

Reversed.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

**2.** He also gave her the other documents including the deed of gift.

**3.** He had given things to Irene for safekeeping before and on such prior occasions he specifically indicated when the items were to be held for him personally.