NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PAMELA NEWMAN, et al., *Plaintiffs/CounterDefendants/Appellees*,

*v.*

BARRY HESS, *Defendant/CounterClaimant/Appellant*.

No. 1 CA-CV 22-0772
FILED 8-24-2023

Appeal from the Superior Court in Maricopa County
No. CV2021-010754
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

COUNSEL

Udall Shumway, PLC, Mesa
By Joel E. Sannes, Timothy D. Butterfield
*Counsel for Defendant/CounterClaimant/Appellant*

Medalist Legal PLC, Chandler
By Patrick R. MacQueen, Brandon P. Bodea, Devin M. Tarwater
*Counsel for Plaintiffs/CounterDefendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

---

**C A M P B E L L**, Judge:

¶1        Barry Hess challenges the superior court's granting summary judgment in favor of Pamela and Richard Newman (the Newmans) in a quiet title dispute over a residential property (the Property). Hess also challenges the denial of his cross-motion for summary judgment. We conclude neither party was entitled to summary judgment and therefore affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

¶2        Pamela Newman and Hess grew up in the same home but are not biologically related. Pamela became the Property's sole owner when their legal guardian died. Hess and his long-term partner, Gina Kynast,[1] began renting the Property after losing their home to foreclosure.

¶3        In 2017, Pamela conveyed the Property to Kynast via quitclaim deed. The parties agree Hess was intentionally left off the deed but offer conflicting reasons for the omission. The quitclaim deed was recorded, and its validity is not in dispute. Roughly a year later, Kynast executed a second quitclaim deed (the 2018 Deed) in Hess' favor. Instead of recording the 2018 Deed, someone placed it in a filing cabinet, where it sat until 2021. The parties dispute (1) why Kynast executed the 2018 Deed; and (2) who—Hess or Kynast—put the 2018 Deed in the filing cabinet.

¶4        Hess and Kynast's relationship ended acrimoniously in 2021. Kynast then executed a third quitclaim deed conveying the Property back to the Newmans (the 2021 Deed). After recording the 2021 Deed, the Newmans filed this quiet title action. Hess counterclaimed, asserting he had "valid and clear title" under the 2018 Deed.

¶5        After discovery, the parties filed cross-motions for summary judgment. Hess argued he should prevail because the 2018 Deed was delivered and the transfer of interest was immediate. He also asserted that

---

[1]        Hess and Kynast incorrectly believed they were married.

the Newmans were not bona fide purchasers for value because they knew of the 2018 Deed. *See* A.R.S. § 33-412. On the other hand, the Newmans argued the 2018 Deed was not delivered, and therefore, transfer of title was not effectuated. Accordingly, they were the rightful titled owners of the Property under the 2021 Deed. After concluding "[t]he 201[8] deed was never delivered,"[2] the superior court denied summary judgment for Hess and granted summary judgment for the Newmans quieting title in the Property in their favor.

¶6        Hess filed a motion for new trial under Rule 59 of the Arizona Rules of Civil Procedure, which the superior court summarily denied. The court also awarded the Newmans attorneys' fees as the prevailing parties. *See* A.R.S. § 12-1103(B). Hess timely appealed.

## DISCUSSION

¶7        Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review de novo a grant of summary judgment, viewing the facts in the light most favorable to the non-moving party. *BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365, ¶ 7 (2015).

## I.        The Newmans' Motion For Summary Judgment

¶8        Hess first argues the superior court erred in concluding that Kynast had not delivered the 2018 Deed, which was the basis for granting summary judgment in the Newmans' favor. We must view the facts and the reasonable inferences to be drawn from those facts in the light most favorable to Hess, the non-moving party, *see id.*, and cannot "choose among competing or conflicting inferences," *Orme Sch. v. Reeves*, 166 Ariz. 301, 311 (1990) (noting also that court should not weigh witness credibility).

### A.        Delivery and Acceptance of the 2018 Deed

¶9        Hess argues that, in reaching its decision, the court made impermissible credibility determinations. We agree. "[A] deed to real property does not vest legal title in the grantee until it is delivered and

---

[2]        In its ruling, the superior court sometimes conflated the 2017 and 2018 deeds. Because the court properly identified the issue as "whether the deed from Kynast to Hess [i.e., the 2018 Deed] was delivered," we treat the court's findings and analysis of "the 2017 deed" as regarding the disputed 2018 Deed.

accepted." *Morelos v. Morelos*, 129 Ariz. 354, 356 (App. 1981). Whether delivery has occurred involves a fact-specific inquiry. *Robinson v. Herring*, 75 Ariz. 166, 169 (1953) (looking to surrounding circumstances). Delivery may consist of any action or conduct that "clearly manifests the intention of the grantor and the person to whom it is delivered that the deed shall presently become operative and effectual, and that the grantor loses all control over it, and that by it the grantee is to become possessed of the estate." *Pass v. Stephens*, 22 Ariz. 461, 468 (1921) (citation omitted).

¶10　　　In granting summary judgment for the Newmans, the superior court determined that there was no delivery of the 2018 Deed because "no reasonable finder of fact could find . . . that Kynast intended to immediately and irrevocably vest all interest in the [P]roperty with Hess . . . at the time of executing the 201[8] deed." In so doing, the court improperly adopted Kynast's version of events and disregarded Hess' conflicting evidence.

¶11　　　In its ruling, the court stated that Kynast placed the 2018 Deed in the filing cabinet, as Kynast avowed at her deposition. The court then concluded the 2018 Deed "was always within Kynast's possession and control." However, Hess testified that *he* put the 2018 Deed "in the mortgage file" after Kynast handed it to him, asking "if [Hess] would file it." If Hess is believed, the finder of fact could infer that Kynast manifested her intent to immediately convey the Property to Hess by relinquishing physical control of the 2018 Deed. *See Pass*, 22 Ariz. at 468. Given the conflicting evidence, whether the deed was delivered to and accepted by Hess is a factual issue precluding summary judgment.

### B.　　Intention to Convey Immediate Title

¶12　　　Whether Kynast intended the 2018 Deed "to become operative immediately" also remains a material factual dispute. *See Parker v. Gentry*, 62 Ariz. 115, 120 (1944) (holding that, absent such intent, "placing a deed in the hands of a grantee does not constitute delivery"). As the Newmans argue, Kynast stated in her deposition that she intended the conveyance to be effective only if she died, and Hess himself stated in his deposition that the Property "was never transferred just to [him]," but rather that Kynast "still held equity and that she was entitled to half." But Hess also stated that Kynast "[a]bsolutely and unequivocally" intended to immediately transfer to him the Property in an effort to insulate the Property from her creditors and argues his deposition testimony to the contrary was merely an acknowledgment of Kynast's community property

or "*equitable* domestic partnership rights." And, as Hess notes, the 2018 Deed is unconditional on its face.

**¶13**         Either Kynast intended the 2018 Deed to be immediately effective or she did not. These positions are mutually exclusive and material to the issue of delivery. *See Robinson*, 75 Ariz. at 170 (emphasizing grantor's intent is paramount). It may have been obvious to the superior court who was more credible, but "summary judgment should not be used as a substitute for jury trials simply because the trial judge may believe the moving party will probably win . . . [or] should win the jury's verdict." *Orme Sch.*, 166 Ariz. at 310 (emphases omitted). Nor was it proper for the court to adopt Kynast's version of events and ignore the evidence supporting Hess' avoidance-of-creditor theory of transfer.

**¶14**         Viewed in the light most favorable to Hess, the record reveals genuine issues of material fact that preclude summary judgment. *See Taser Int'l v. Ward*, 224 Ariz. 389, 393, ¶ 12 (App. 2010) ("Summary judgment is . . . inappropriate if the court must determine the credibility of witnesses, weigh the quality of evidence, or choose among competing inferences."). We therefore reverse the court's ruling granting summary judgment for the Newmans and vacate the related fee award.

## II.     Hess Was Not Entitled to Summary Judgment

**¶15**         Hess also challenges the denial of his cross motion for summary judgment. *See Bothell v. Two Points Acres, Inc.*, 192 Ariz. 313, 316, ¶ 7 (App. 1998) (noting appellate courts may address denied cross-motion to avoid piecemeal litigation). In reviewing a denial of Hess' cross motion for summary judgment, we accept Kynast's version of events and inferences drawn therefrom. *See Sonoran Desert Investigations, Inc. v. Miller*, 213 Ariz. 274, 276, ¶ 5 (App. 2006) ("We . . . view the facts and all reasonable inferences therefrom in the light most favorable to the party opposing the [denied] motion.")

**¶16**         Generally, "[t]he intention to pass immediate and irrevocable title to the property interest is the essential fact for consideration" on the question of delivery. *Robinson*, 75 Ariz. at 170 (citation omitted). However, "[t]he unconditional delivery of a deed or grant of property to a third person to take effect at the time of the donor's death, if there is no intention to revoke or actual revocation, is effective and valid as of the time of delivery, though the enjoyment thereof may be postponed." *Morelos*, 129 Ariz. at 356 (emphasizing that the grantor must "put the deed out of h[er] control"); *see, e.g.*, *Hutton v. Cramer*, 10 Ariz. 110, 115–16 (1906) (finding

5

delivery where grantor placed deed in grantee's bank box, which grantor could access only with grantee's permission).

¶17 Relying on Kynast's deposition testimony, Hess contends he is entitled to summary judgment because, at minimum, Kynast "immediately" and "unconditional[ly] deliver[ed]" a future interest in the Property via the 2018 Deed. But the 2018 Deed, on its face, is a quitclaim deed conveying "all right, title and interest" in the Property (i.e., Kynast's fee simple absolute). And according to Kynast, she never physically delivered the 2018 Deed to Hess; instead she deposited it in the filing cabinet and told Hess to record it only upon her death. Genuine issues of material fact remain regarding the delivery of the 2018 Deed.

¶18 Even so, we reject Hess' argument that Kynast could not transfer the Property during her lifetime because, based on the 2018 Deed, he held a future interest in the Property. If, as Kynast alleges, the 2018 was never transferred to Hess, he had nothing more than a hoped-for inheritance, and nothing would have prevented Kynast from changing the intended bequest any time before her death. The court properly denied Hess' motion for summary judgment.

## III. Attorneys' Fees on Appeal

¶19 Both parties request costs and attorneys' fees on appeal under ARCAP 21 and A.R.S. § 12-1103(B), which authorizes an award to the prevailing party in a quiet title action if certain prerequisites are met. *Cook v. Grebe*, 245 Ariz. 367, 369, ¶ 5 (App. 2008). Neither side has prevailed on its quiet title claim at this stage of the litigation. We therefore decline to award attorneys' fees or costs.

**CONCLUSION**

¶20       For the reasons above, we reverse the superior court's ruling granting the Newmans' motion for summary judgment, affirm its ruling denying Hess' motion for summary judgment, and remand for further proceedings. We also vacate the Newmans' fee award, to be addressed on remand.



AMY M. WOOD • Clerk of the Court
FILED:    AA

7