NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SOUTHWEST FARM SERVICES, LTD. PARTNERSHIP, an Arizona
limited partnership *Plaintiff/Appellee*,

*v.*

ROBERT BURNS and JEANNE BURNS, husband and wife dba ROBERT
BURNS ARCHITECTS, INC., *Defendants/Appellants*.

No. 1 CA-CV 12-0808
FILED 3-27-2014

---

Appeal from the Superior Court in Maricopa County
No.  CV2010-092562
The Honorable Emmet J. Ronan, Judge

**AFFIRMED**

---

COUNSEL

Grant & Vaughn, P.C., Phoenix
By Kenneth B. Vaughn, Sharon R. Sprague
*Counsel for Plaintiff/Appellee*

Jeffrey M. Zurbriggen, P.C., Phoenix
By Jeffrey M. Zurbriggen
*Counsel for Defendants/Appellants*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**W I N T H R O P,** Judge:

¶1        Robert and Jeanne Burns, doing business as Robert Burns Architects, Incorporated, appeal from a judgment and award of attorneys' fees in favor of Southwest Farm Services, Limited Partnership on a breach of contract claim.  For the reasons stated below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        Southwest Farm Services, Limited Partnership ("Southwest") is a hay brokering business.  In August 2006, Southwest contracted with Robert Burns Architects, Incorporated,[1] for the development of a preliminary project site plan to develop property owned by Southwest and intended for business operations (the "Preliminary Site Plan Contract").  The price of services in the Preliminary Site Plan Contract was $5,600.  In October 2006, Southwest contracted with Burns to provide more comprehensive architectural and engineering services related to the construction of buildings (the "Construction Design Contract").  In this contract, Southwest hired Burns to design and provide construction documents and engineering services for several buildings, a gate entry, and walls on the property.  The price of services in the Construction Design Contract was $182,950, payable in six payments pursuant to a schedule set forth in the contract.

¶3        Southwest paid Burns $165,970.51 through June 2009.  This included approximately $5,600 Southwest paid Burns on the Preliminary Site Plan Contract prior to signing the Construction Design Contract.  Although Burns furnished preliminary site plans and later revised those

---

[1]        Robert Burns entered the contract doing business as Robert Burns Architects, Inc.  Southwest later learned the corporation had been dissolved in 2002 and filed an amended complaint alleging that Robert Burns and the marital community were personally liable for the breach of contract.  We refer to the defendants collectively as "Burns."

site plans, Burns never delivered to Southwest final, signed, and sealed construction documents under the Construction Design Contract. Robert Burns testified that he would have delivered signed and sealed documents upon receipt of the final payment, which never occurred.

¶4         In October 2009, Southwest notified Burns that it considered Burns to be in material breach and demanded delivery of final construction documents in exchange for payment of the $10,959.49 balance due on the contract or a refund of the money Southwest paid Burns. Burns did not respond. Southwest made a second identical demand in March 2010, to which Burns also did not respond.

¶5         Southwest then filed a complaint for breach of contract. Burns answered and counterclaimed for breach of contract, bad faith, and unjust enrichment. At a one-day bench trial, the trial court received evidence of Burns' invoices to Southwest and payment from Southwest to Burns. The court also heard testimony from Michael Perez, Southwest's limited partner and manager, and Robert Burns. The trial court ruled that final payment to Burns on the Construction Design Contract was not due until there was "100% completion of the construction documents and submitt[al] to Maricopa County and approval of the building permit by Maricopa County." The trial court found that no final, signed, and sealed plans had been submitted and there was no approved building permit. The trial court concluded that Southwest did not breach the Construction Design Contract because the final payment was not yet due. The court rejected Burns' claim that its nonperformance was justified as well as Burns' claim for unjust enrichment on the Construction Design Contract, finding that Southwest could no longer use the work performed by Burns. However, the trial court implicitly found that Burns had completed the Preliminary Site Plan Contract by reducing Southwest's claimed damages by the value paid for services under that contract.

¶6         The court awarded Southwest a judgment of $160,330.85, $65,467.70 in prejudgment interest, and $48,431.90 in attorneys' fees. Burns filed a timely notice of appeal. We have appellate jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (West 2014).[2]

---

[2]     We cite the current Westlaw version of the applicable statutes and rules unless revisions material to this decision have since occurred.

## DISCUSSION

### I.    *Breach of Contract*

¶7         Burns argues the trial court erred when it concluded that Burns breached the Construction Design Contract by failing to submit final plans to Maricopa County and by failing to obtain an approved building permit.[3]   Interpretation of a contract is a question of law to be decided *de novo*.   *Polk v. Koerner*, 111 Ariz. 493, 495, 533 P.2d 660, 662 (1975).   On appeal, we view the evidence in the light most favorable to supporting the judgment and will accept the trial court's findings of fact absent clear error.   *Id.* at 494, 533 P.2d at 661.

¶8         Arizona courts strive to enforce contracts according to the parties' intent.   *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 152, 854 P.2d 1134, 1138 (1993).   "In ascertaining the parties' intent, the court will look to the plain meaning of the words as viewed in the context of the contract as a whole."   *United Cal. Bank v. Prudential Ins. Co. of America*, 140 Ariz. 238, 259, 681 P.2d 390, 411 (App. 1983).

¶9         Burns contends that the scope of work detailed in the Construction Design Contract did not require it to submit final plans to Maricopa County or obtain an approved building permit.   The contract's compensation and payment schedule, however, states that Southwest shall make its fifth payment "[u]pon 100% completion of the construction documents and Submittal to Maricopa County" and the final payment "[u]pon approval of the building permit by Maricopa County."   Burns contends that these provisions only triggered payments and did not require Burns to submit final plans or obtain a building permit.   Our adoption of Burns' interpretation of the scope of work language contained within the contract would render the language in the compensation and payment schedule meaningless.   The payments are dependent upon Burns completing the items listed in the schedule.   If Burns was not obligated to provide these services, this language would be superfluous.

¶10         Burns also argues it was not obligated to submit final plans or obtain a building permit because the parties had orally modified the Construction Design Contract and a valid novation occurred.   The contract required that all requests for changes to the contract "shall be in writing,"

---

3         It is undisputed that Burns never delivered final construction documents or a building permit approved by Maricopa County.

and Burns admitted there was no written modification of the contract. Likewise, there was no evidence of any other agreement between the parties supporting any claim for novation. Thus, these arguments fail.

**¶11**        Burns also contends the parties extended his time to perform under the Construction Design Contract when Southwest asked Burns to obtain an agriculture exemption for the property. However, Southwest's Perez testified the property had the agriculture exemption when he purchased it in 2004. Although Burns testified to the contrary, the trial court explicitly rejected Burns' testimony as not credible, accepting instead Perez's testimony that the property always had an agriculture exemption. We defer to the judgment of the trial court on this matter. *See Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287, ¶ 12, 9 P.3d 314, 318 (2000) (citations omitted) (stating the "credibility of a witness' testimony and the weight it should be given are issues particularly within the province of the" finder of fact).[4]

**¶12**        For these reasons, we affirm the trial court's conclusion that Burns breached the contract.

      **II.**    *Burns' Waiver Defense*

**¶13**        On appeal, Burns argues Southwest's conduct waived any obligation Burns had to provide final, signed, and sealed documents, because Southwest paid Burns in full through June 2009, purposefully delayed the project due to the bad economy, and actually used the construction design plans for the current buildings ultimately constructed on the subject property after Burns was discharged from the project. Under Arizona Rule of Civil Procedure 8(c), "In pleading to a preceding pleading, a party shall set forth affirmatively . . . waiver[] and any other matter constituting an avoidance or affirmative defense." Having failed to plead this defense in its answer or specifically allege a waiver within its

---

[4]      It is unclear from the briefing whether Burns is really contending that its efforts helped Southwest preserve the existing agriculture exemption. However, this alternate reading of Burns' confusing argument is not material to our evaluation. The uncontested facts are: (1) Southwest made repeated demands on Burns to provide final, sealed plans under the Construction Design Contract, (2) these demands were ignored, and (3) no such plans were ever provided. As a result, the evidence at trial more than supports the verdict and judgment as to breach.

counterclaim, Burns is precluded from raising the defense of waiver on appeal. *See Parks v. Am. Cas. Co. of Reading, Pa.*, 117 Ariz. 339, 342, 572 P.2d 801, 804 (1977), *disapproved on other grounds in Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 387-88, 682 P.2d 388, 392-93 (1984). We therefore decline to reach the merits of Burns' waiver defense.

### III. *Burns' Counterclaim for Unjust Enrichment*

¶14 Burns counterclaimed asserting unjust enrichment, arguing that it was entitled to compensation for the services it provided prior to any breach.

> Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another. . . . To recover on a claim for unjust enrichment, a claimant must show (1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of any remedy at law.

*Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 210, ¶ 9, 228 P.3d 943, 946 (App. 2010) (quotations and citations omitted).

¶15 Citing *Trustmark Ins. Co. v. Bank One, Ariz. NA*, 202 Ariz. 535, 542, ¶ 34, 48 P.3d 485, 492 (App. 2002), Southwest contends that Burns cannot pursue a counterclaim for unjust enrichment because the doctrine of unjust enrichment is not available where there is a specific contract governing the parties. However, we find the immediate case consonant with *Adelman v. Christy*, 90 F. Supp. 2d 1034 (D. Ariz. 2000) where the litigant asserted unjust enrichment as an alternative theory of recovery in the event it was deemed the breaching party. *See Adelman*, 90 F. Supp. 2d at 1045. Thus, we will consider the trial court's denial of Burns' unjust enrichment counterclaim.

¶16 The trial court found Southwest did not receive any benefit from the work Burns performed on the Construction Design Contract because that work was of no use to Southwest without the final, signed, and sealed documents. On appeal, we view the evidence in the light most favorable to supporting the judgment and will accept the trial court's findings of fact absent clear error. *Polk*, 111 Ariz. at 494, 533 P.2d at 661.

¶17 The record supports the trial court's finding that Southwest did not receive any benefit from the work Burns performed on the Construction Design Contract. Contrary to Burns' assertion, the record

does not demonstrate Burns obtained the property's agriculture exemption. Burns did not provide Southwest with a set of final plans that could be used to obtain bids from contractors and financing from lenders; even at trial, Burns failed to offer final plans into evidence. Therefore, the work Burns may have done on the Construction Design Contract did not benefit Southwest, and Burns' reliance on *Cracchiolo v. Carlucci*, 62 Ariz. 284, 157 P.2d 352 (1945), is misplaced.

¶18         Burns also argues Southwest received a benefit from "grading and drainage" plans from Burns. Although the Construction Design Contract included a $55,600 professional fee for "civil engineering for grading and drainage analysis," the record does not demonstrate whether Burns provided that service. Perez testified that Southwest had to hire its own contractor to draw up a grading and drainage plan because Burns failed to provide one. Perez also testified that Southwest told Burns the amount "of dirt that needed to be moved and where, and all he did was put it on his paper and send it to the county and got it approved." Because the trial court was in the best position to determine the weight of the evidence and the credibility of the witnesses, *see Estate of Reinen*, 198 Ariz. at 287, ¶ 12, 9 P.3d at 318, we conclude the trial court did not err in denying Burns' counterclaim for unjust enrichment related to grading and drainage plans under the Construction Design Contract.

¶19         Burns also argues that Southwest relied on Burns' site plans pursuant to the Preliminary Site Plans Contract for the layout of its current operations. The record demonstrates Burns provided Southwest with preliminary site plans. Burns then revised the site plans twice at Southwest's request because the site plans as originally drafted were inconsistent with and would not preserve the preexisting agriculture exemption. In mid-October 2007, the revised site plans were accepted by the County. As such, Burns did provide Southwest with approved site plans for which Southwest paid $5,639.66 under the Preliminary Site Plan Contract. Because Burns had provided a discernible benefit to Southwest and was entitled to retain the $5,639.66 paid for these services, the trial court apparently did not include that amount in the $160,330.85 judgment against Burns.

¶20         Burns appears to argue that a May 2008 invoice for $27,791.68 is evidence of the value of Burns' work on the revised site plans, because the invoice refers to a bill from November 2007 immediately after Burns completed that work. Although Burns had the burden of proof on a claim of unjust enrichment, Burns did not offer the November 2007 bill in evidence. *See e.g.*, *Loiselle*, 224 Ariz. at 210, ¶ 9, 228

P.3d at 946 (App. 2010) (emphasis added) ("To recover on a claim for unjust enrichment, *a claimant must show* . . . (1) an enrichment [and] (2) an impoverishment . . . ." (quotations and citations omitted)).

**¶21** The missing November 2007 bill presents two problems for Burns' claim of unjust enrichment. First, because only two items on the May 2008 invoice reference the November 2007 bill, it is unclear from the record whether the entire May 2008 invoice includes the value of the site plan revision related to the Preliminary Site Plan Contract or whether the invoice includes civil engineering services related to the Construction Design Contract. Because the trial court specifically found that Southwest received no value from the Construction Design Contract, Burns does not have a viable claim of unjust enrichment on any portion of the invoice related only to that contract.

**¶22** Second, although there are two items on the May 2008 invoice that reference the missing November 2007 bill and total $2,940.49, without the November 2007 bill in evidence Burns cannot show these items are for revision of the site plans. On this record, we therefore conclude that the trial court did not err by finding that Burns was adequately paid for services rendered pursuant to the Preliminary Site Plan Contract.

### IV. *Community Liability*

**¶23** While Jeanne Burns appeared as a party, Burns contends the judgment against the marital community's property is erroneous because there was no evidence regarding the relationship between the corporation and the marital community. Burns admits that Robert and Jeanne are married and that Robert Burns Architects, Inc. was dissolved in 2002. Neither spouse objected to the entry of judgment against both defendants. Therefore, we will not consider this argument for the first time on appeal. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26-27, ¶ 13, 13 P.3d 763, 768-69 (App. 2000) (issues not raised below are not generally considered on appeal).

### V. *Southwest's Failure to Mitigate Damages*

**¶24** Burns argues that the trial court erred by failing to address the issue of damage mitigation. "[W]hether the injured party violated his duty to mitigate damages is a question of fact for the trier of fact, when there is conflicting evidence on the question." *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.*, 124 Ariz. 242, 256, 603 P.2d 513, 527 (App. 1979) (citations omitted). Burns argues Southwest had the burden to

mitigate damages. However, as the party in breach, Burns has the burden of showing that "mitigation was reasonably possible, but was not reasonably attempted." *N. Ariz. Gas Serv., Inc. v. Petrolane Transp., Inc.*, 145 Ariz. 467, 477, 702 P.2d 696, 706 (App. 1984) (citation omitted).

¶25 As a threshold matter, Southwest argues Burns waived this issue by not including mitigation in the joint pretrial statement or closing arguments. However, Burns raised mitigation as an affirmative defense in its answer. Burns also questioned Perez about Southwest's ability to obtain financing, and Burns testified that the location of the improvements on Southwest's property followed his site plans. Thus, Burns sufficiently raised the mitigation issue at trial, and we do not find waiver.

¶26 Burns suggests that Southwest failed to mitigate damages by not applying for financing after 2006 and by using the site plans. No request for written findings of fact or conclusions of law was made upon the trial court pursuant to Arizona Rule of Civil Procedure 52(a). Therefore, on appeal, this court "must presume that the trial court found every fact necessary to support the judgment." *Berryhill v. Moore*, 180 Ariz. 77, 82, 881 P.2d 1182, 1187 (App. 1994). Perez testified he could not apply for a loan without final, signed, and sealed plans that would allow him to obtain a bid from a contractor. This testimony supports the implicit conclusion that Southwest did not fail to mitigate damages by not applying for a loan. Also, as discussed above, Southwest paid Burns for its work on the site plans, thereby mitigating Southwest's damages and any compensable injury attributable to Burns related to its work on the site plans.

VI. *Attorneys' Fee Awards*

¶27 Burns argues the trial court erred in awarding attorneys' fees to Southwest as there was no basis in fact or law for the award. Burns' argument is premised upon its position that Southwest breached the contract. Having affirmed that Burns, not Southwest, was the breaching party, we also affirm the award of attorneys' fees to Southwest pursuant to A.R.S. § 12-341.01(A), which authorizes an award of fees to the successful party in a contract action.

¶28 We also reject Burns' argument that the award was erroneous because the trial court failed to make sufficient findings of fact. Southwest requested fees pursuant to A.R.S. § 12-341.01, which does not require written findings of fact supporting the award, only that the underlying matter arise out of a contract. The parties did not request

written findings of fact or conclusions of law pursuant to Arizona Rule of Civil Procedure 52. Therefore, the trial court did not err in failing to make detailed findings of fact in support of its award of attorneys' fees to Southwest.

¶29 Both parties request an award of attorneys' fees on appeal. Southwest was the successful party on appeal in this action arising out of a contract. Therefore, we award Southwest its reasonable attorneys' fees and costs upon compliance with ARCAP 21(a). *See* A.R.S §§ 12-341.01(A) and 12-342(A) (authorizing an award of costs on appeal to prevailing party).

## CONCLUSION

¶30 We affirm the judgment in favor of Southwest on its breach of contract claim and the rejection of Burns' counterclaims. We also affirm the award of attorneys' fees to Southwest and award Southwest its reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21(a).



Ruth A. Willingham · Clerk of the Court
FILED: MJT